CASE 83—PETITION EQUITY—FEBRUARY 6.

> ⌐83  599¦
> ⌊f102  54¦

# Labatt, &c., v. Smith, &c.

### APPEAL FROM BATH COURT OF COMMON PLEAS.

1. LIMITATION—LEX FORI.—When a cause of action, which has arisen in another State between a resident of such State and a resident of this State, is sought to be enforced in the courts of this State, the Kentucky statute of limitations applies. Section 19 of article 4, chapter 71, Gen. Stat., has no reference to residents of this State, but was enacted only for the relief of those who are not residents, but who, having come within the jurisdiction of our State courts, are sought to be made liable by residents of some other State or country on a cause of action originating in another jurisdiction than that of the State of Kentucky.

2. OVERRULED CASE.—The case of Allen v. Hill's Adm'r, 78 Ky., 119, is overruled, in so far as it is in conflict with this.

REID & YOUNG, WM. LINDSAY AND W. R. PATTERSON FOR APPELLANTS.

Briefs not in record.

HENRY L. STONE FOR APPELLEES.

Brief not in record.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In this case the judgment of the court below has been affirmed by the Superior Court, and an appeal prosecuted to this court. Lewis and Silas Lane, who were residents of the county of Montgomery, in this State, in the spring of 1870, had taken for sale, to the New Orleans market, a large lot of mules, and while in that city, attachments, issued in behalf of creditors, were levied on the mules, with a view of enforcing the payment of their several claims.

The appellees, Smith & Whitney, who were also residents of Montgomery county, had sold to the Lanes a lot of mules for six thousand six hundred

and fifty dollars, for. which they held their notes. Whitney, in March, 1870, went to New Orleans for the purpose of having the indebtedness secured, and instituted proceedings for that purpose. The mules were sold, and while the proceeds were in the hands of the collecting officer, and before any distribution had been ordered, or the rights of the creditors determined, Whitney sold to the appellants, who were his attorneys, the claim of Smith & Whitney for three thousand dollars—one thousand in cash, and their note for two thousand dollars, payable in sixty days from the third of March, 1870. After this transaction the Lanes were forced into bankruptcy by their Kentucky creditors, and one Richart made the assignee. In September, 1876, the present appellees instituted an action in the Bath Circuit Court on the note due by appellants, and garnished in the hands of Richart, the assignee, the amount of the dividends the appellants were entitled to by reason of their purchase of the note of six thousand six hundred and fifty dollars on the Lanes. Appellants were proceeded against as non-residents, and a judgment rendered by which the dividends, one thousand three hundred and thirty-one dollars, were applied to the payment of the note held on the appellants. The appellants, after this judgment had been rendered, moved to set it aside, tendering an answer that presented a defense to the action. The motion prevailed, and an issue was raised as to the right of recovery by appellees on the note.

The substance of the defense was, that the note was procured by the fraud of Whitney, and for

that reason it was asked to be canceled, and that appellees be compelled to restore the one thousand dollars paid at the time the note was executed. On the hearing, appellees recovered a judgment, subject to the credit for the amount collected or ordered to be paid by the assignee in bankruptcy.

There are several assignments of error. The first is, that the contract was invalid by reason of the Louisiana statute prohibiting such contracts between the client and attorney. Such a question can not arise for the reason that we find neither plea nor proof to support it. Second, that the note was procured by fraud.

It is sufficient to say, that the facts presented by the record conduce to show that appellants purchased with their eyes open. They must have known that the Lanes were in failing circumstances; creditors had then seized upon their property, and they were purchasing the note at less than half the sum stipulated to be paid by the Lanes, and without even requiring that the appellees should by their indorsement make themselves liable as ordinary assignees.

Appellants, in addition, executed a receipt to the appellees reciting the sale of the claim, and that all costs were to be paid by them, and that appellees were not to pay them or to be in any way responsible therefor.

During the progress of the action, and after the original answers had been filed, the appellants tendered an amended answer, in which is pleaded the Louisiana statute of limitation of five years as a further defense to the action, and this is the principal question involved on this appeal.

The statute of Louisiana bars the recovery on such a note after the expiration of five years from its maturity, and makes the statute by an express provision apply to persons residing out of the State.

It is attempted to be maintained that the *lex loci* has controlled this class of cases since the adoption of the Revised Statutes.

The general rule "that all suits must be brought within the period prescribed by the local law," is conceded, but it is urged that by reason of the statute the doctrine of the common law has been changed, and that now, if the cause of action is barred by reason of the statute where the contract was entered into, or the note executed, it may be interposed as a bar to the recovery.

The statute of this State provides, that "when a cause of action has arisen in another State or country, between residents of such State or country, *or between them and residents of another State or country*, and by the laws of the State or country where the cause of action accrued an action can not be maintained thereon by reason of the lapse of time, no action can be maintained thereon in this State." (General Statutes, chapter 71, article 4, section 19.)

If the view taken by counsel for appellants is to prevail, it necessarily follows that the *lex fori* no longer governs this character of remedy, and the law of the place where the contract was made, or the cause of action accrued, must be looked to as fixing the statutory bar. This statute has no reference whatever to residents of this State, but was

enacted only for the relief of those who are not residents, but when coming within the jurisdiction of our State courts are sought to be made liable by residents of some other State or country on a cause of action originating in another jurisdiction than that of the State of Kentucky.

A resident of the State of Louisiana executes his note in that State, payable to a resident of the State of Tennessee, and when the parties are temporarily in Kentucky the obligor is sought to be made liable, the limitation in such a case is controlled by the law of the place where the cause of action accrued, and when not payable at a particular place, the presumption is that it is to be paid where it was executed.

This action is brought by residents of this State in the courts of this State against a citizen of Louisiana, who voluntarily appears and makes defense to the action; and it is now insisted that the purpose of the statute was to confer greater rights or exemptions in favor of a citizen of another State than is given to citizens of this State. The appellants had fifteen years within which to prosecute their action on the note executed by the Lanes and purchased of the appellees, and the latter have only five years in which to prosecute appellants on the note given in consideration of those notes; and, to follow appellants' construction of the statute still further, if a citizen of Kentucky executes his note in New Orleans to a resident of that city, the Louisiana statute may be pleaded in Kentucky; but if, while in New Orleans, the same transaction is be-

tween two citizens of this State, the Kentucky stat-
ute of fifteen years applies. Such could not have
been the legislative intent, and whether the appear-
ance of the non-resident to the action was or not
voluntary is immaterial, as the resident of this State
is not affected by this statutory provision. The
framers of the statute provided, first, *that where*
*a cause of action has arisen in another State or*
*country between residents of such State or country,*
then the law of the State or country where the
cause of action accrued will control the question
as to the period in which a recovery may be had.
They saw that this part of the statute applied alone
to residents of the same State or country, and the
question suggested itself that the same rule should
apply where one of the contracting parties was a
resident of one State or country, and the other of
a different State or country, and, therefore, it was
further provided, "or *between them and residents*
*of another State or country,*" not between them and
the resident of Kentucky; for the law-maker was
legislating alone for those who were non-residents of
the State, and framed the statute so as that one
could have no advantage of the other. In other
words, that where parties who are non-residents
make contracts within another jurisdiction, as be-
tween such parties, when they apply to the judicial
tribunals of this State for the enforcement of their
contracts or the collection of their debts, the stat-
utory bar of the place where the cause of action
accrued may be pleaded.

The case of Bennett v. Devlin, reported in 17 B.

Monroe, 353, does not sustain the position assumed by counsel. In that case the surety relied on the statute of New York, and the court responded by saying that the law, as well settled and in force prior to the adoption of the Revised Statutes, made the law of the place where the remedy was sought control the question of limitation; and the allusion to the Revised Statutes was made simply to show that some change had been made in the application of the rule.

In McArthur v. Goodin, reported in 12 Bush, 274, the extent to which the rule had been qualified was incidentally stated, and sustains the view taken of the question by the Superior Court.

This section of the statute must be held to apply when parties, resident out of the State, come into it in order to enforce their claims. This was the legislative purpose, and any other interpretation of its provisions is not even warranted by the language used, and certainly can not be indulged when the object to be accomplished is considered. These special provisions were intended solely for the benefit of those who in justice were entitled to have their rights disposed of, with reference to the time in which they should bring their action, by the law in force where the cause of action accrued, and where they had the right to expect the remedy would be sought. The construction contended for by counsel would enable the appellants to sue the Lanes on the note assigned them by the appellees at any time within fifteen years, while the note executed to the appellees by the appellants for the Lane note would be barred in five years.

In the case of Allen v. Hill's Adm'r, reported in 78 Kentucky, 119, the Texas statute of limitation was alone considered, and our statute of limitation ignored, with the suggestion only that it provided the Texas statute should govern in the case then before the court, and in so far as it conflicts with this opinion must be disregarded.

If the statute is unconstitutional, because in violation of article 4 of the Federal Constitution, providing that "the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States," then it follows that the *lex fori* must govern, and the statute of this State where the remedy is sought must prevail. We are not to be understood as holding that the act is unconstitutional, as it is not required in this case that such a question should be determined.

The judgment below, in our opinion, must be affirmed.