CASE 9—PETITION ORDINARY—OCTOBER 16.

John Shillito Co. v. Richardson.

APPEAL FROM MASON CIRCUIT COURT.

1. LIMITATION OF ACTIONS—CONFLICT OF LAWS—STATUTORY CONSTRUCTION.—Under the provisions of section 2542 of the Kentucky Statutes that "when a cause of action has arisen in any other State or country between residents of such State or coun-

try or between them and residents of another State or country, and by the laws of the State or country where the cause of action accrued, an action can not be maintained therein by reason of the lapse of time, no action thereon can be maintained in this State," an action between citizens of another State upon a cause of action which accrued in another State can be maintained in Kentucky if the action would not be barred in such state if it had been brought there, although it would be barred if the cause of action had accrued in this State.

**A. E. COLE & SONS** FOR APPELLANT.

1. In cases where both parties are non-residents of this State and the cause of action accrued in another State, only the statute of limitations of that State may be plead, and our courts will be governed by that statute and not by that of Kentucky. 4 Ky. Law Rep., 357, 422; N. W. M. L. Ins. Co. v. Lowry, 14 K. L. R., 600; 13 Ky. Law Rep., 205; First Nat. Bank v. Thomas, 8 K. L. R., 690; 7 Ky. Law Rep., 631.

**W. G. CHAPMAN** WARNING ORDER ATTORNEY.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant instituted suit in the Mason Circuit Court seeking to enforce the collection of a claim of $313.23 against the appellee, W. H. Richardson. It seems that the debt sued on was created in 1878. It also appears that appellee Richardson was a non-resident of Kentucky, but he filed an answer and pleaded and relied upon the statute of limitations of this State as a bar to appellant's claim. The appellant in its reply alleged that it and its assignor and the appellee were all citizens of the State of Ohio at the time of the creation and the accruing of its cause of action, and that within less than two years after the cause of action accrued the appellee left the State of Ohio and became a citizen of New York, and ever since has been continuously absent from the State of Ohio, and all the time, up to the filing of this suit, had remained a citizen of New York, and

that by the statute law of the State of Ohio appellant's claim was not barred, and that appellee was not entitled to plead and rely upon the statute of limitation of Kentucky in bar of the claim sued on.

The pleadings fully present the law of Ohio, as well as all other facts necessary to show that if appellee had been sued in the State of Ohio he could not have successfully pleaded the statute of limitation and also showed that he never had been at any time a resident of the State of Kentucky. The court below sustained a demurrer to the reply as amended, and appellant failing to plead further its petition was dismissed, and to reverse that judgment this appeal is prosecuted.

The sole question presented for decision is whether the statute of limitation of Kentucky is a good plea in bar of the action, or whether it must be governed by the laws of Ohio, where the cause of action accrued.

Section 2542 of the Kentucky Statutes, which is the same as section 19, article 4, chapter 71, of the General Statutes, reads as follows:  "When a cause of action has arisen in another State or country between residents of such State or country, or between them and residents of another State or country, and by the laws of the State or country where the cause of action accrued an action can not be maintained therein by reason of the lapse of time, no action can be maintained thereon in this State."

It would seem from the foregoing that if the action was not barred in such case by the statute of the State in which the cause of action accrued that it would not be barred in a controversy between the same parties in the courts of this

State, and such seems to have been the opinion of the Superior Court of Kentucky as announced in Labatt, &c., v. Smith & Whitney, 4 Ky. Law Rep., 358. It seems that the case, *supra*, was appealed to this court, and is reported in 83 Ky., 599. In discussing the statute of limitation this court said: "A resident of the State of Louisiana executes his note in that State, payable to a resident of the State of Tennessee, and when the parties are temporarily in Kentucky the obligor is sought to be made liable, the limitation in such a case is controlled by the law of the place where the cause of action accrued, and when not payable at a particular place the presumption is that it is to be paid where it is executed."

It is true that in the case, *supra*, this court held that the law of Louisiana could not control in this State for the reason that some of the parties were citizens of this State.

In the case of the First National Bank v. Thomas, 8 Ky. Law Rep., 690, the court seems to recognize that the statute of the State in which the cause of action accrued should govern as to the plea of limitation. In the Northwestern Mutual Life Insurance Co. v. Lowry's Admr., 13 Ky. Law Rep., 206, decided by the Superior Court of Kentucky, it was distinctly held that inasmuch as the action would not have been barred if brought in the State of Alabama, where the cause of action accrued, that the plea of limitation in this State is unavailable. This case seems to have been appealed to this court, and the opinion of the Superior Court in regard to the statute of limitation was approved, and it is substantially held that, inasmuch as the cause of action was not barred in Alabama, where it accrued, the statute of limitation here presented no bar to the right of plaintiff to re-

cover.   It is true that the court, for another reason in that case, decided adversely to the plaintiff.

In the case of Chevrier v. Roberts, 6 Montana, 619, it is said a debt was created in Canada.   The debtor soon afterward moved to Nevada, where he resided until the debt was barred by the statute of that State.   He then went to Montana, and it was held that the claim was still suable in Montana, since it was not barred where it accrued.   "Any other interpretation of the law would compel the creditor to trail the debtor from one country to another, and ascertain how long he resided in any particular jurisdiction, and search the statute book of every foreign country through which he might have passed, and wherein he might have tarried for business or pleasure, to see if in some one or other his debt had not been barred.   This could not have been the intention of the Legislature."

In view of the foregoing authorities, as well as upon principle and reason, it seems to us that the statute of limitation was no bar to the appellant's right to recover.   It results from the foregoing that the court below erred in sustaining the demurrer to appellant's reply as amended.

The judgment appealed from is, therefore, reversed and the cause remanded, with directions to overrule the demurrer and for further proceedings consistent with this opinion.