## Smith v. Baltimore & Ohio Railway Company.

(Decided January 23, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

Limitation—Conflict of Laws—Section 2542, Kentucky Statutes.—
While as a general rule limitations are governed by the law of the forum and not by the law of the place where the cause of

action arises, yet under section 2542, Kentucky Statutes, when the cause of action arises in another State or country between parties who are then residents of such State or country, or between them and residents of another State or country, the limitation law of the State where the cause of action arose, and not the limitation law of this State, where suit is brought, controls.

SAMUEL L. TRUSTY, EUGENE HUBBARD and POPHAM, TRUSTY & ROOSE for appellant.

GIBSON & CRAWFORD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff James H. Smith, brought this action against the defendant, Baltimore & Ohio Railroad Company, to recover damages for personal injury. In his petition, which was filed on March 18, 1911, he alleges in substance that he is a resident of Green County, Kentucky, and that the defendant is and was at the time of the injury complained of a corporation organized under the laws of the States of Maryland and Virginia, and that it owned and operated passenger and freight trains over and upon its various lines of railroad in the States of Maryland, Virginia, Pennsylvania and elsewhere for the transportation of passengers and freight for hire. At the time plaintiff was injured it operated passenger and freight trains between the cities of Lavenia and Layton, Pennsylvania. Plaintiff was then employed by defendant as a telegraph operator at Lavenia, Pennsylvania, and was boarding at Layton, a point four miles distant from Lavenia. He was ordered by defendant's agents superior in authority to him to catch a train at Layton for Lavenia on March 29, 1909. Defendant issued to him a pass entitling him to ride from Layton to Lavenia. On the occasion of the accident he undertook to board one of defendant's trains between Layton and Lavenia for the purpose of going to Lavenia. As he took hold of the hand-hold of the car for the purpose of taking passage on the train, the hand-hold suddenly without warning gave way and he was thrown beneath the freight train and badly injured. It is alleged that his injuries were caused and brought about by the gross negligence of the defendant, its agent and servants superior in authority to plaintiff, in providing for the car a hand-hold that was defective, inadequate, unsafe and dangerous for the pur-

pose for which it was used. It is also alleged that the defective and dangerous condition of the hand-hold was known to the defendant, its agents or employees, or could have been known to them by the exercise of ordinary care, and that it was not known to plaintiff, and could not have been known to him by the exercise of ordinary care.

Among other defenses, the defendant pleaded the one-year statute of limitations applicable to personal injury cases. Replying to this plea, plaintiff alleged that at the time of his injury he was a resident of the State of Pennsylvania; that the defendant, Baltimore & Ohio Railroad Company, was a corporation doing business in the State of Pennsylvania with a situs therein; that at the time of the filing of the reply it had no situs in the State of Kentucky, and was not doing business in that State, nor did it have a situs in that State at the time he received his injuries. It is further alleged that when he received his injuries plaintiff was in the employ of the defendant company. The said contract of employment was made in the State of Pennsylvania. The services which he rendered the defendant were performed in the State of Pennsylvania, and the contract under which the services were performed was made in Pennsylvania; that the pass that was issued to him, and the contract to carry him to and from his work, was made, issued and delivered to him in the State of Pennsylvania; and that while carrying out the orders of the defendant in the State of Pennsylvania under said contract of employment, and while in the performance of the duties assigned him by and through and under said contract of employment, and while he was in the act of boarding defendant's train and becoming a passenger thereon in the State of Pennsylvania, he wrongfully received the injuries of which he complained as set out in the petition. It is further charged that at the time he was injured he was lawfully engaged and employed by the defendant company, and on its premises and a passenger on its train. After further alleging that all the acts complained of by him occurred wholly within the State of Pennsylvania, and that his action was governed entirely by the laws of the State of Pennsylvania, he pleads that his action is controlled by section 30 of the Statute of Limitation of the State of Pennsylvania, which provides

for a limitation of two years in cases of personal injury not resulting in death.

The trial court held that plaintiff's reply was insufficient, and that the Kentucky Statute of Limitations applied. Thereupon plaintiff's petition was dismissed and he appeals.

It may be conceded that as a general rule limitations are governed by the law of the forum and not by the law of the place where the cause of action arose. Minor's Conflict of Laws, Sec. 210; 25 Cyc., 1018; Graves v. Graves, 2 Bibb, 209; L. & N. R. R. Co. v. Burkhart, 154 Ky., 92. But there is in force in this State the following statute:

"When a cause of action has arisen in another State or country between residents of such State or country, or between them and residents of another State or country, and by the laws of the State or country where the cause of action accrued an action can not be maintained therein by reason of the lapse of time, no action can be maintained thereon in this State." Kentucky Statutes, Sec. 2542.

The construction of this statute is no longer an open question. It has been held that the necessary effect thereof is to declare that if a cause of action arising in another State or country between residents of such State or country or between them and residents of another State or country is not barred by the laws of that State or country it is not barred in an action between the same parties in the courts of this State. Labatt, &c. v. Smith, &c., 83 Ky., 599; Shillito Co. v. Richardson, 102 Ky., 51. While plaintiff alleges that at the time of bringing the suit he was a citizen of the State of Kentucky, he alleges in his reply that at the time the cause of action arose he was a resident of the State of Pennsylvania, and that the defendant was not a resident of Kentucky, but was a resident of another State. It will be observed that the statute provides that when a cause of action has arisen in another State or country between residents of such State or country or between them and the residents of another State or country, etc. In other words, the test is the residence of the parties at the time the cause of action accrued. Their subsequent change of residence in no way affects the question. The purpose of the statute as construed by this court is to place the parties on a plane of

equality. Neither one of them, by taking up his residence here after the cause of action accrues, either for the purpose of bringing suit or of making defense, can obtain any advantage over the other. In such a case they bring with them the limitation law of the place where the cause of action accrues. On the other hand, if either of the parties is a resident of this State when the cause of action accrues, the statute does not apply. Labatt, &c. v. Smith, &c., *supra;* Templeton v. Sharp, &c., 10 Ky. L. R., 499. Since the reply alleges that under the law of Pennsylvania, where the cause of action arose, the limitation period in an action such as this is two years, and sufficiently alleges that plaintiff was a resident of that State and defendant was a non-resident of this State at the time the cause of action arose, and as the suit was brought in this State within less than two years after the accrual of the cause of action, it follows that the trial court erred in sustaining the demurrer to the reply and in dismising plaintiff's petition.

Judgment reversed and cause remanded for proceedings consistent with this opinion.