**BURTON v. MILLER (two cases).**

**Nos. 11161, 11162.**

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1950.

818

Raymond C. Stephenson, Louisville, Ky., Charles J. Chastang, Columbus, Ohio, for appellants.

J. Paul Keith, Jr. and Jones, Keith & Jones, all of Louisville, Ky., for appellee.

Before HICKS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

The appellants, husband and wife, brought separate actions against the appellee in consequence of an automobile collision which occurred on February 10, 1947, in the State of Florida. At the time of the accident, appellants were residents of Ohio and the appellee was a resident of Florida. When these actions were brought on May 27, 1949, in the United States District Court for the Western District of Kentucky, appellants still were residents of Ohio, but the appellee had moved to and was residing in Kentucky.

The appellee filed motions to dismiss the actions on the ground that the Kentucky statute of limitation of one year, not the four-year limitation statute of Florida, was applicable. The district judge sustained the motion to dismiss in each case, "being of the opinion that the Kentucky Statute of Limitations applies, and not the Florida Statute." The judge wrote no opinion and discussed no authorities supporting his conclusion.

In our judgment, the trial court committed reversible error in sustaining appellee's motion to dismiss. For a clear understanding of the issue presented, it is essential to consider first the controlling Kentucky law as it existed prior to 1942 when Kentucky Revised Statutes, § 413.320 was enacted. The pertinent Kentucky statute prior to the 1942 amendment was Kentucky Statutes, § 2542, which provided: "When a cause of action has arisen in another state or country between residents of such state or country or between them and residents of another state or country, and by the laws of the state or country where the cause of the action accrued an action can not be maintained therein by reason of the lapse of time, no action can be maintained thereon in this state."

This statute was construed by the highest court of Kentucky (the Court of Appeals) in Smith v. Baltimore and Ohio Railway Company, 157 Ky. 113, 162 S.W. 564, 566. In that case, the defendant carrier, when sued in Kentucky, pleaded the one-year statute of limitations of that state in defense of a personal injury action where the plaintiff, at the time of his injury, was a resident of Pennsylvania in which state the accident occurred. The plaintiff insisted that the Pennsylvania statute of limitations of two years applied, and that his action was seasonably brought. The judgment of the trial court dismissing the action as falling within the Kentucky statute, and therefore barred, was reversed on appeal. In its opinion, the Court of Appeals of Kentucky conceded the general rule to be that limitations are governed by the law of the forum and not by the law of the place where the action arose (Minor's Conflict of Laws, sec. 210); but the court declared that the necessary effect of section 2542, quoted supra, was that "if a cause of action arising in another

state or country between residents of such State or country, or between them and residents of another state or country, is not barred by the laws of that state or country, it is not barred in an action between the same parties in the courts of this state [Kentucky]." Earlier Kentucky decisions were cited as authority. Labatt, etc. v. Smith, etc., 83 Ky. 599; John Shillito Co. v. Richardson, 102 Ky. 51, 42 S.W. 847. The court declared that the test is the residence of the parties at the time of the accrual of the cause of action; that subsequent change of residence in no way affects the question; that the statute intends equality; that neither party, by taking up residence in Kentucky after a cause of action accrued for the purpose of either bringing or defending a suit, can obtain advantage over the other; and that the limitation law of the place where the action accrued is applicable. It was pointed out that if either of the parties is a resident of Kentucky when the cause of action accrued, section 2542 does not apply.

The opinion in Gibson v. Womack, 218 Ky. 626, 291 S.W. 1021, 51, A.L.R. 773, cited Smith v. Baltimore and Ohio Railway Company, supra; John Shillito Co. v. Richardson, supra, and Labatt, etc. v. Smith, etc., supra; and adhered to the interpretation of section 2542 that where a cause of action is not barred in the state where the action originated and all the parties were residents of that state at the time, it is not barred in Kentucky in a suit between the same parties.

 It has, of course, long been settled that the construction placed upon a state statute by the highest court of the state is just as binding upon the United States courts as is the text of the state statute. Leffingwell v. Warren, 2 Black 599, 17 L.Ed. 261.

Section 2542 was amended in 1942, by Kentucky Revised Statutes 413.320, so as to read as follows: "When a cause of action has arisen in another state or country, and by the laws of the state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period." It is reasonable to presume that, in thus amending section 2542, the Kentucky Legislature was aware of the interpretation which had been placed upon the old statute in the opinions of the Court of Appeals of Kentucky. It would appear that the real purpose of the Kentucky Legislature in amending section 2542 was. to place residents of Kentucky on the same basis with non-residents of that state with respect to causes of action arising in other states, or countries. There would seem to be no other differentiation between the old and the revised statute than the elimination of the requirements as to parties.

Inasmuch as we have been cited to no opinion of the Court of Appeals of Kentucky construing the 1942 revised statute and because of the compelling similarity of the two enactments, we are constrained to follow the interpretation of section 2542 enunciated in the Kentucky cases which have been discussed.

We hold, therefore, that the judgments of dismissal should be reversed and the causes remanded for trial in the district court. It is so ordered.