**·LEY v. SIMMONS et al.**

Court of Appeals of Kentucky.

June 20, 1952.

Wiggins & Wiggins, Richmond, for appellant.

·G. Murray Smith, Jr., Richmond, for appellees.

COMBS, Justice.

This is an action to enforce a judgment obtained in Florida in 1930. The defendant pleaded the statute of limitations. The applicable Florida statute is 20 years. Florida Statutes 95.11(1), F.S.A. The statute of limitations in Kentucky is 15 years. KRS 413.090(1). Under the Kentucky statute the action is barred. Under the Florida statute it is not. The lower court applied the Kentucky statute and dismissed the petition.

It is familiar law that the law of the forum controls remedies and procedures. In the absence of a statute, it is generally held that the law of the forum is controlling in an action instituted to enforce a judgment obtained in another state. McArthur v. Goddin, 75 Ky. 274; 11 Am. Jur., Conflict of Laws, sections 186, 192; 15 C.J.S., Conflict of Laws, § 22(2), page 953; Restatement, Conflict of Laws, sections 603, 604. It also is well established that a statute limiting the time within which an action may be brought on a judgment of a court of another state does not violate the full faith and credit clause of the federal constitution, U.S.C.A.Const. art. 4, § 1. Great Western Telegraph Co. v. Purdy, 162 U.S. 329, 16 S.Ct. 810, 40 L.Ed.

986; Metcalf v. City of Watertown, 153 U.S. 671, 14 S.Ct. 947, 38 L.Ed. 861. This is because a statute of limitations does not extinguish the legal right but merely affects the remedy. Brand v. Brand, 116 Ky. 785, 76 S.W. 868, 63 L.R.A. 206; 11 Am.Jur., Conflict of Laws, section 186.

The lower court held, and appellees insist, that KRS 413.090 is a bar to the action. That statute provides that an action shall be commenced within 15 years upon:

"(1) An action upon a judgment or decree of any court of this state or of the United States, or of any state or territory thereof, * * *."

The appellant contends there are exceptions to the rule and that this case falls within one of the exceptions. He relies on KRS 413.330 (formerly Carroll's Kentucky Statutes 2541) which reads:

"If, by the laws of any other state or country, an action upon a judgment or decree rendered in that state or country cannot be maintained there by reason of the lapse of time, and the judgment or decree is incapable of being * * * enforced there, an action upon it may not be maintained in this state, except in favor of a resident thereof who has had the cause of action from the time is accrued."

The basis for appellant's argument is the construction placed on a somewhat similar statute, now designated as KRS 413.320 (formerly Carroll's Kentucky Statutes 2542). That statute, prior to its amendment in 1942, provided:

"When a cause of action has arisen in another state or country between residents of such state or country or between them and residents of another state or country, and by the laws of the state or country where the cause of the action accrued an action can not be maintained thereon by reason of the lapse of time, no action can be maintained thereon in this state."

Appellant cites the cases of Labatt v. Smith, 83 Ky. 599; John Shillito Co. v. Richardson, 102 Ky. 51, 42 S.W. 847;

Smith v. Baltimore & Ohio R. R. Co., 157 Ky. 113, 162 S.W. 564; Burton v. Miller, 6 Cir., 185 F.2d 817. All of these cases, except Burton v. Miller, were decided prior to the 1942 amendment and construed the statute to mean that in an action brought in Kentucky the statute of limitations of the state where the action accrued would be applied, with certain exceptions not here material, even though the action would be barred under the Kentucky statute. It will be noted, however, that prior to the 1942 amendment KRS 413.320 (2542), by its terms, applied only to residents of other states and not to residents of Kentucky. The failure of the courts to recognize this distinction seems to have caused some confusion, and probably explains the language used in some of the cases. It is also noted that in the cases cited by appellant the suits were not based on judgments but were on claims for personal injuries or to collect a debt. Although the case of Reynolds v. Powers, 16 Ky.Law Rep. 448, cited by appellant, was an action on a judgment obtained in another state, if we correctly interpret the opinion, the court did not decide the question which is presented here.

In an annotation in 75 A.L.R., page 231, it is stated:

"With the exception of Kentucky decisions, the rule is followed with little question that a statute admitting the bar of the law of any other state or country does not so adopt the foreign law as to lengthen the limitation period otherwise prescribed at the forum."

It will be noted that KRS 413.330 (2541) merely prohibits recovery in this state on a cause of action which is barred by the statute of the state where it accrued. The Legislature has not said that if the action can be maintained in the other state it also can be maintained here.

Regardless of the soundness of the language used in some of the cases and the distinction drawn between the different statutes, this Court has expressly held that in an action brought in this state on a judgment of a Court of another state the statute of limitations of this state will be

810

applied. In McArthur v. Goddin, 75 Ky. 274, Goddin filed suit against McArthur in Kentucky to enforce a judgment previously obtained in Ohio. It was held that the Kentucky statute of limitations was applicable and that the claim was barred although under the statute of Ohio the period of limitation had not expired. Although it appears that McArthur was a resident of Kentucky at the time the judgment was obtained against him in Ohio, the court, properly, as we think, treated this fact as immaterial to the decision in the case. Also see Labatt v. Smith & Whitney, 4 Ky. Law Rep. 357, 422, where it was held that statutes of limitation affect the remedy and not the merits, and the common-law rule of applying the lex fori will be followed, except when it is clear the Legislature intended to change it. It was said in that case:

"* * * The foreign statute is only to apply where the limitation is less than that mentioned in the Kentucky statute."

In the case of Hoerter v. Garrity, 155 Ky. 260, 159 S.W. 815, suit was filed in Kentucky on a judgment rendered by an Indiana court. The record did not show the residence of the parties at the time the judgment was rendered. It was held that the action was barred by the Kentucky statute of limitations. After deciding the case it was added, by way of dictum, that if the action had accrued in another state and had not been barred by the law of that state, an action might be maintained on it in this state although more than 15 years had elapsed from the date of the rendition of the judgment. This language was not necessary to the decision in the case and we do not consider it as binding authority for appellant's position, especially since it is contrary to the prevailing rule.

We conclude that in an action brought in this state to enforce a judgment of a court of another state whose statute of limitations is for a longer period than ours, the statute of limitations of this state should govern. This is in accord with the great weight of authority, and we think the rule is sound. The trial court having so decided, the judgment is affirmed.