Albert ALBANESE, Plaintiff,

v.

OHIO RIVER–FRANKFORT COOPER-
AGE CORPORATION, Defendant.

Civ. A. No. 2747.

United States District Court
W. D. Kentucky, at Louisville.

Oct. 27, 1954.

H. S. Horen, David L. Gittleman, Louisville, Ky., Baker, Garber & Chazen, Hoboken, N. J., for plaintiff.

Greenebaum, Barnett & Carroll, Louisville, Ky., for defendant.

BROOKS, District Judge.

Plaintiff, Albert Albanese, a resident of New Jersey, brought this action against the defendant, Ohio River-Frankfort Cooperage Corporation, a Kentucky corporation, for recovery of damages for personal injuries arising out of an accident which occurred in the State of New Jersey on March 14, 1952.

The Kentucky statute of limitation for actions for personal injuries is one year, KRS 413.140. The New Jersey statute of limitation for similar actions is two years, N.J.S.A. 2A:14–2. This complaint was filed on March 13, 1954, which is more than one year but less than two years after the accident.

The issue to be decided here is whether effect should be given to the statute

of New Jersey where the action accrued or to the statute of Kentucky where this action was instituted. This requires consideration of both Section 2542, Carroll's Kentucky Statutes, 1936 Edition and its amendment and reenactment in 1942 as KRS 413.320.

Section 2542 provided as follows:

"When a cause of action has arisen in another state or country between residents of such state or country or between them and residents of another state or country, and by the laws of the state or country where the cause of action accrued an action can not be maintained thereon by reason of the lapse of time, no action can be maintained thereon in this state."

■ In Labatt v. Smith, 1882, 4 Ky. Law Rep. 422, 428; 75 A.L.R., page 232, it was stated, "in no case do they (the provisions of Section 2542) enlarge the time within which the action is to be brought. The foreign statute is only to apply where the limitation is less than that mentioned in the Kentucky statute." This interpretation is in keeping with the weight of authorities and with the general rule as quoted in 53 C.J.S., Limitations of Actions, § 27.

"Statutes of limitation are generally considered as municipal regulations founded on local policy, which have no coercive authority abroad, and with which foreign jurisdictions have no concern, and hence the general rule is that in respect of the limitation of actions the law of the forum governs, regardless of where the cause of action arose, * * *."

Subsequent Kentucky decisions, however, departed from the Labatt opinion wherein it held that Section 2542 did not operate to lengthen the limitation period of the Kentucky forum. John Shillito Co. v. Richardson, 1897, 102 Ky. 51, 42 S.W. 847; Hoerter v. Garrity, 1913, 155 Ky. 260, 159 S.W. 815; Smith v. Baltimore & Ohio Railway Co., 1914, 157 Ky. 113, 162 S.W. 564; Gibson v.

Womack, 1927, 218 Ky. 626, 291 S.W. 1021, 51 A.L.R. 773. This departure resulted in Kentucky becoming the only state not following the majority rule.

■ As stated in 75 A.L.R., page 231:

"With the exception of Kentucky decisions, the rule is followed with little question that a statute admitting the bar of law of any other State or country does not so adopt the foreign law as to lengthen the limitation period otherwise described at the forum."

In 1942 the Kentucky Legislature amended and reenacted Section 2542 and as KRS 413.320, it now provides as follows:

"When a cause of action has arisen in another state or country, and by the laws of the state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period."

The only significant difference between Section 2542 and KRS 413.320 is the removal of the requirement that all parties must be residents of a foreign state or country.

In Burton v. Miller, 6 Cir., 1950, 185 F.2d 817, 819, the Court said:

"It is reasonable to presume that, in thus amending section 2542, the Kentucky Legislature was aware of the interpretation which had been placed upon the old statute in the opinions of the Court of Appeals of Kentucky. It would appear that the real purpose of the Kentucky Legislature in amending section 2542 was to place residents of Kentucky on the same basis with non-residents of that state with respect to causes of action arising in other states, or countries. There would seem to be no other differen-

tiation between the old and the revised statute than the elimination of the requirements as to parties.

"Inasmuch as we have been cited to no opinion of the Court of Appeals of Kentucky construing the 1942 revised statute and because of the compelling similarity of the two enactments, we are constrained to follow the interpretation of section 2542 enunciated in the Kentucky cases which have been discussed."

This is the law of this case and the motion to dismiss must be overruled unless it is determined that the subsequent opinion of the Court of Appeals of Kentucky in Ley v. Simmons, Ky.1952, 249 S.W.2d 808, 809 places a different interpretation upon the statute.

The Ley case was an action to enforce a judgment rendered in Florida and it is significant that the decision was based upon a construction of KRS 413.090 and not on KRS 413.320. The statute of limitations in Kentucky on foreign judgments is fifteen years. The Florida statute is twenty years, F.S.A. § 95.11(1). The action was barred under the Kentucky statute but not under the Florida statute. In holding that the Kentucky limitation governed the Court comments at some length upon KRS 413.320. It cites with approval Labatt v. Smith, supra, and observes the "confusion" in the language of some of the Kentucky decisions interpreting the statute. It also says:

"It will be noted that KRS 413.-330 (2541) merely prohibits recovery in this state on a cause of action which is barred by the statute of the state where it accrued. The Legislature has not said that if the action can be maintained in the other state it also can be maintained here."

 Persuasive as the language of the Court appears it does not, however, specifically renounce the long-established rule laid down in Smith v. Baltimore & Ohio Railway Co. and the other Kentucky cases cited herein and followed

in Burton v. Miller, supra. The Court's comment on the construction of KRS 413.320 is dicta since the construction of this section of the statute was not necessary to the determination of the rights of the parties.

 Although I may be satisfied that when the Court of Appeals of Kentucky is called upon to construe KRS 413.320, that it will embrace the general rule prevailing in the other forty-seven states that limitations of actions are controlled by the law of the forum, I can not presume to anticipate such a ruling. Rd-Dr Corp. v. Smith, 5 Cir., 183 F.2d 562, certiorari denied 340 U.S. 853, 71 S.Ct. 80, 95 L.Ed. 625. I am bound by the construction presently placed upon the statute. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Doggrell v. Great Southern Box Co., 6 Cir., 206 F.2d 671, Id., 6 Cir., 208 F.2d 310; American Bonding Co. v. Anderson, 6 Cir., 110 F.2d 961.

The motion to dismiss is overruled and the plaintiff will prepare an appropriate order.