**Sigrid Ethel KOEPPE, Appellant,**

v.

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., Appellee.**

**No. 13080.**

United States Court of Appeals
Sixth Circuit.

Dec. 16, 1957.

Stephens L. Blakely, Covington, Ky. (Marion W. Moore, Blakely, Moore & Blakely, Covington, Ky., on the brief), for appellant.

Philip J. Schneider, Cincinnati, Ohio (Charles S. Adams, Covington, Ky., on the brief; Waite, Schindel, Bayless & Schneider, Cincinnati, Ohio, of counsel), for appellee.

Before SIMONS, Chief Judge, ALLEN and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

This case presents a single issue of law: Does the Kentucky statutory period of limitations, of one year, KRS 413.140, govern in an action for personal injuries, which arose in the State of New York, but which is sought to be enforced in Kentucky, by a party who, at the time of the accrual of the action, was a resident of New York? The period of limitations for such an action in the State of New York is three years, Civil Practice Act, § 49. The district court held that the Kentucky statute applied, and, on motion

of appellee, dismissed the complaint on the ground that it was filed after the expiration of the one-year period of limitations.

In its decision, the district court relied upon the authority of Ley v. Simmons, Ky., 249 S.W.2d 808, and Mutual Trust & Deposit Co. v. Boone, Ky., 267 S.W.2d 751.

Appellant submits that these two authorities concerned actions upon foreign judgments and were governed by the Kentucky statute relating to suits on foreign judgments; that the rule laid down in those cases applied only to actions upon such judgments; that, under the law of Kentucky, in an action arising in another state which is sought to be enforced in Kentucky by a party who was, at the time of the accrual of the right of action, a resident of such other state, the statute of limitations of the state where the action arose is applicable, rather than the statute of limitations of the state where the action is brought; and that in the instant case, the New York statute of limitations of three years should, accordingly, apply.

Ley v. Simmons, supra, [249 S.W.2d 808] relied upon by the district court, was an action brought in Kentucky to enforce a judgment obtained in Florida. The statute of limitations for suits upon a judgment in Florida was twenty years; in Kentucky, fifteen years. The Court of Appeals of Kentucky held that the Kentucky, rather than the Florida, statute applied. The applicable Kentucky statute was KRS (Kentucky Revised Statutes) 413.090, which provided that an action must be commenced within fifteen years upon a judgment or decree of any court of Kentucky or of the United States, or of any state or territory thereof. Appellant, in Ley v. Simmons, had contended that he came within the exception to the rule of the statutory fifteen-year period of limitations, by virtue of the provisions of KRS 413.330, which reads:

"If, by the laws of any other state or country, an action upon a judgment or decree rendered in that state or country cannot be maintained there by reason of the lapse of time, and the judgment or decree is incapable of being * * * enforced there, an action upon it may not be maintained in this state, except in favor of a resident thereof who has had the cause of action from the time it accrued."

The basis for appellant's argument in the Ley case was stated by the court therein to be the construction placed on a somewhat similar statute, now designated as KRS 413.320. That statute, prior to its amendment in 1942, provided:

"When a cause of action has arisen in another state or country between residents of such state or country or between them and residents of another state or country, and by the laws of the state or country where the cause of action accrued an action can not be maintained thereon by reason of the lapse of time, no action can be maintained thereon in this state." Ky.St. § 2542.

In 1942, this provision of the statute was amended and thereafter provided:

"When a cause of action has arisen in another state or country, and by the laws of the state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period."

The only difference in the provision of the statute before and after its amendment is that it previously applied only to residents of other states and not to residents of Kentucky, and that it now applies to both citizens of other states and citizens of Kentucky.

The Court of Appeals of Kentucky held, in the Ley case, that appellant, in an action on a foreign judgment, under KRS 413.090, did not, by analogy to KRS

413.320, as amended, relating to limitations on certain actions other than foreign judgments, come within any exception to the rule that an action on a foreign judgment must be brought within the fifteen-year period of limitations, as provided by the Kentucky statute.

The foregoing reference to the Ley case may seem somewhat remote from the issue before us—whether an action in Kentucky for personal injuries, arising in another state in which the plaintiff was, at the time of the injuries, a resident, must be brought within the period of limitations of one year, as provided by Kentucky, or within the three-year period, as provided by New York, the state in which the claim of action arose.

The reason, however, for the above reference by us to the views of the Court of Appeals of Kentucky, in the Ley case, as to the application of the various Kentucky statutes of limitations involving suits brought on foreign judgments, is because of the fact that the Ley case is the chief authority on which appellant relies, and because the court therein alluded to such statutes as being somewhat similar to the Kentucky statute of limitations applicable to causes of action other than suits upon foreign judgments. In referring to the Kentucky statute applicable to causes of action other than suits on foreign judgments, the court referred to Labatt v. Smith & Whitney, 4 Ky.Law Rep. 357, 422, where it was held that statutes of limitations affected the remedy and not the merits, and that the common-law rule of applying the lex fori will be followed, except when it is clear the Legislature intended to change it. It further remarked that, as said in Labatt v. Smith & Whitney, supra, "The foreign statute is only to apply where the limitation is less than that mentioned in the Kentucky statute." The court then observed that appellant, in the case before it, had relied upon the cases of Labatt v. Smith, 83 Ky. 599; John Shillito Co. v. Richardson, 102 Ky. 51, 42 S. W. 847; Smith v. Baltimore & Ohio R. Co., 157 Ky. 113, 162 S.W. 564; Burton v. Miller, 6 Cir., 185 F.2d. 817.

It is to be noted that all of these cases departed from the prior rule in Labatt v. Smith & Whitney, supra, and held to the direct contrary thereof. The court, in the Ley case, then went on to declare that all of the last cited cases had construed KRS 413.320 to mean that in an action brought in Kentucky, "the statute of limitations of the state where the action accrued would be applied, with certain exceptions not here material, even though the action would be barred under the Kentucky statute." This is exactly what appellant contends in the instant case. However, the court, in the Ley case, went on to state that all of the cases relied upon by appellant therein (except the decision of this court in Burton v. Miller, 6 Cir., 185 F.2d 817) were decided prior to the 1942 amendment of KRS 413.320; that prior to such amendment, the provision in question applied only to residents of other states and not to residents of Kentucky; and that the failure of the courts to recognize this distinction "seems to have caused some confusion, and probably explains the language used in some of the cases." It is true that the above mentioned amendment resulted in the elimination of the prior requirements as to the parties. In other words, the statute, before its amendment, applied to causes of action arising in another state or country, between residents of such state or country, and the amended statute applied to causes of action arising in another state or country, regardless of whether the parties were residents of such state, or of Kentucky.

It was suggested by the court in the Ley case that this amended provision resulted in changing the rule announced by former Kentucky decisions which held that in an action brought in Kentucky, the statute of limitations of the state where the action accrued would be applied, even though the action would be barred under the Kentucky statute,—and that the amended section of the statute did not operate to lengthen the limitation period of the Kentucky statute.

It is difficult to see how the above mentioned amendment, merely eliminating

the requirements of the residence of the parties, affected the rule announced in the prior Kentucky cases, which were relied upon by appellant in the Ley case and which were conceded by the court therein to support its contention that the statute of limitations of the state where the action accrued would be applied, even though the action would be barred under the Kentucky statute.

In Burton v. Miller, 6 Cir., 1950, 185 F.2d 817, 819, involving a claim for personal injuries that had occurred in Florida, and upon which action had been brought in Kentucky by a party who, at the time of the accident, was a resident of a foreign state, this court had before it the identical question of construction of the statute, KRS 413.320, as amended in 1942 by KRS 413.330, which was discussed in the Ley case. In the course of the opinion, Judge Martin, speaking for this court, referred to the prior decisions of the Court of Appeals of Kentucky that held, under the statute prior to its amendment in 1942, that where a cause of action was not barred in the state where the action originated and all the parties were residents of that state at the time, it was not barred in Kentucky in a suit between the same parties. In his opinion, Judge Martin concluded that no change had been made, by virtue of the amendment of 1942, in the rule as to the application of the statute of limitations of the state where the action accrued. The court said:

"It is reasonable to presume that, in thus amending section 2542 [KRS 413.320], the Kentucky Legislature was aware of the interpretation which had been placed upon the old statute in the opinions of the Court of Appeals of Kentucky. It would appear that the real purpose of the Kentucky Legislature in amending section 2542 was to place residents of Kentucky on the same basis with non-residents of that state with respect to causes of action arising in other states, or countries. There would seem to be no other differentiation between the old and the revised statute than the elimination of the requirements as to parties.

"Inasmuch as we have been cited to no opinion of the Court of Appeals of Kentucky construing the 1942 revised statute and because of the compelling similarity of the two enactments, we are constrained to follow the interpretation of section 2542 enunciated in the Kentucky cases which have been discussed."

Accordingly, this court held that the Florida statute of limitations of four years applied, rather than the Kentucky statute of one year, and remanded the case for trial.

In Burton v. Miller, supra, as above mentioned, the court observed that it had been cited to no opinion of the Court of Appeals of Kentucky construing the 1942 amendment, and because of the similarity of the statute, before and after amendment, in respect to the pertinent particulars then before it, the court followed the rule announced by the prior Kentucky cases.

It is, nevertheless, maintained by appellee, in the instant case, that Ley v. Simmons established the rule, in Kentucky, that the law of the forum here controls, and that the Kentucky one-year period of limitations applies rather than the New York period of three years.

In considering this contention, it is to be remembered that the action in the Ley case was an action brought in Kentucky on a foreign judgment, and not for personal injuries. The statute of limitations before the court for construction in the Ley case was KRS 413.090, relating to actions upon foreign judgments. Moreover, it seems of paramount importance that the Court of Appeals of Kentucky in the Ley case, in distinguishing the facts in the controversy then before it from the prior decisions upon which the appellant relied, was explicit in distinguishing the applicable law with respect to an action on a foreign judgment, and an action for personal injuries, when it pointed out the distinction as follows: "It is * * * noted that in

the cases cited by appellant the suits were not based on judgments but were on claims for personal injuries or to collect a debt." After commenting on the various conflicting decisions, the court went on to say:

"Regardless of the soundness of the language used in some of the cases and the distinction drawn between the different statutes, this Court has expressly held that in an action brought in this state *on a judgment* of a Court of another state the statute of limitations of this state will be applied." (Emphasis supplied.)

Finally, the court, in the Ley case, clearly emphasized that its decision was limited to an action on a judgment, when, in the last paragraph of its opinion, it stated:

"We conclude that *in an action brought in this state to enforce a judgment* of a court of another state whose statute of limitations is for a longer period than ours, the statute of limitations of this state should govern." (Emphasis supplied.)

Subsequent to the decision of the Court of Appeals of Kentucky in Ley v. Simmons, supra, the United States District Court for the Western District of Kentucky, in Albanese v. Ohio River-Frankfort Cooperage Corp., 125 F.Supp. 333, was called upon to rule upon the same question that confronted this court in Burton v. Miller, supra. In the Albanese case, the plaintiff, a resident of New Jersey, had brought an action in the federal court in Kentucky against a Kentucky corporation for the recovery of damages for personal injuries that had occurred in New Jersey. The New Jersey statute of limitations was two years, N.J.S.A. 2A:14–2; the Kentucky statute, one year, KRS 413.140. The issue to be decided was whether effect should be given to the statute of New Jersey, where the action accrued, or to the statute of Kentucky, where the action was instituted.

In holding that the statute of limitations of New Jersey controlled, Judge Brooks, in his opinion, commented upon all of the Kentucky statutory provisions heretofore discussed in the instant case, and he considered KRS 413.320, both before and after its amendment in 1942, as did the Court of Appeals of Kentucky in the Ley case. He pointed out that the Kentucky cases, subsequent to Labatt v. Smith & Whitney, 4 Ky.Law Rep. 422, had departed from the rule announced in that case; and he emphasized that in spite of all the observations which were indulged in in the Ley case, to the effect that the law of the forum governed in the application of statutes of limitations, nevertheless, the decision in that case was based upon a construction of KRS 413.090—the statute of limitations on judgments—and not upon a construction of KRS 413.320 governing actions other than upon judgments, which was therein involved—the action being one for personal injuries, as is the instant case. Remarking that although he might be satisfied that the Court of Appeals of Kentucky, if called upon to construe KRS 413.320, would, in the future, hold that the lex fori would control in such a case, the court concluded that it could not anticipate such a ruling; that it was bound by the construction presently placed upon the statute; and that the rule that the statute of limitations in the state where the action accrued would apply, even though the action would be barred under the Kentucky statute, was still controlling.

Mutual Trust & Deposit Co. v. Boone, Ky., 267 S.W.2d 751, also cited by the district court in the instant case as authority for holding that the Kentucky one-year statute of limitations here applies, was, like the Ley case, an action to enforce a foreign judgment. What was said by Judge Brooks in the Albanese case is equally applicable to Mutual Trust & Deposit Co. v. Boone: "Persuasive as the language of the Court appears it does not, however, specifically renounce the long-established rule laid down in Smith

v. Baltimore & Ohio Railroad Co. and the other Kentucky cases cited herein and followed in Burton v. Miller, supra." [125 F.Supp. 335]

In conclusion, it is to be emphasized that John Shillito Co. v. Richardson, 102 Ky. 51, 42 S.W. 847, and Smith v. Baltimore & Ohio R. Co., 157 Ky. 113, 162 S. W. 564, laid down the rule that, under KRS 413.320, where a cause of action has arisen in another state or country between residents of such state or country, or between them and residents of another state or country, the statute of limitations where the action accrued is to be applied, even though the action would be barred under the Kentucky statute of limitations. The subsequent amendment of the statute, in our opinion, did not affect the rule theretofore announced; and no Kentucky decision has held that it did.

The above mentioned rule remains unchanged by any subsequent adjudication of the Court of Appeals of Kentucky.

The plaintiff-appellant in this case was, at the time her cause of action accrued, a resident of New York. The cause of action accrued in New York.

Under the cases last above cited, the statute of limitations of the State of New York applies, even though the action would be barred under the Kentucky statute of limitations.

The case principally relied upon by appellee, Ley v. Simmons, was an action upon a foreign judgment. The decision in that case was expressly limited to a suit on a foreign judgment; and the court therein explicitly emphasized, as the distinguishing feature between the last above cited cases, and the case before it, that the cited cases were not suits based upon judgments, but were on claims for personal injuries or to collect a debt. It would seem, then, that the court clearly intimated, in this regard, that, as theretofore conceived by the Court of Appeals of Kentucky, the difference between suits on foreign judgments, and suits on other causes of action, was crucial, and, accordingly, explained, at least implicitly, why it had followed the statute of limitations

of Kentucky in suits on judgments, and had followed the statute of limitations of a foreign state, in other actions, brought in Kentucky, by parties who were residents of a foreign state when the action accrued.

For these reasons, we agree with the views of Judge Brooks, as set forth in the Albanese case, and as expressed by Judge Martin in Burton v. Miller.

In accordance with the foregoing, the judgment of the district court is reversed; the order of dismissal is set aside; and the case is remanded to the district court for further proceedings not inconsistent with this opinion.