Walter Scott COLLINS, Plaintiff-Appellee,

v.

CLAYTON & LAMBERT MANUFACTURING COMPANY, Defendant-Appellant.

No. 14532.

United States Court of Appeals Sixth Circuit.

Feb. 9, 1962.

---

Joseph E. Stopher, Louisville, Ky., A. J. Deindoerfer, R. O. Harmon, of Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., on brief, for appellant.

William S. Spangler, Gary, Ind., J. Walter Clements, Louisville, Ky., Herbert L. Fehner, of Spangler, Jennings, Spangler & Dougherty, Gary, Ind., on brief, for appellee.

Before MILLER, Chief Judge, O'SULLIVAN, Circuit Judge, and DARR, Senior District Judge.

DARR, Senior District Judge.

On May 29, 1956, the appellee, Walter Scott Collins, a master plumber, purchased a plumber's furnace from the American Supply Company of Gary, Indiana, who in turn had purchased it from the appellant, Clayton & Lambert Manufacturing Company, the designer and manufacturer of the furnace. On May 31, 1956, Mr. Collins was using the furnace on a job in Gary, Indiana when it exploded causing him severe and permanent injuries. He instituted suit in the District Court at Louisville, Kentucky on

April 25, 1958, based upon the claim of negligence in the design and construction of the furnace. The cause was tried in December 1960, resulting in a judgment for appellee in the sum of $65,674.37.

The appellant charges four faults against the acts of the District Court and it will be clearer and simpler to take them up in a seriate manner.

(1) The cause of action accrued in the State of Indiana and the case was tried in the State of Kentucky. Did the one year statute of limitations of Kentucky, KRS 413.140, govern or was the two year statute of limitations of Indiana made applicable by Kentucky law?

■ This seems to be a short horse. This Court has twice considered this question and ruled that under Kentucky law the time provided by the statute of limitations of another state, if longer, is applicable. This is admitted by appellant who seeks to have this Court reverse these decisions. We are not persuaded that they are wrong and abide by them. Burton v. Miller, 185 F.2d 817 (C.A.6); Koeppe v. Great Atlantic & Pacific Tea Co., 250 F.2d 270 (C.A. 6).

(2) The proof definitely discloses that there was no privity of contract between the appellant and appellee. Under such circumstances, does the substantive law of Indiana permit a recovery for negligence in the design or construction of a plumber's furnace?

A plumber's furnace of the type and model in question is similar in design and operation, although on a smaller scale, to the more familiar gasoline camp stove. It is used by plumbers to melt lead for the calking of water pipes. The fuel used is gasoline. After the furnace is started, the flame from its operation vaporizes the gasoline in the coil, the vapor is emitted out through a small aperture or needle valve, and is the substance burned to produce the heat to melt the metal. There was placed on the tank of the furnace, by means of a decal, the word "Caution."

■ The evidence discloses that gas vapor is very destructive and that gasoline has a bad quality of burning fiercely when it explodes. It is generally recognized by the courts that gasoline and articles which use gasoline are extremely dangerous. Ft. Wayne Drug Co. v. Flemion, 93 Ind.App. 40, 175 N.E. 670; Westfield Gas Corp. v. Hill (1960), 169 N.E.2d 726.

■ A satisfactory definition of an "imminently dangerous" article, gathered from comments of several respected courts, is that, "imminently dangerous" does not imply that the article sold must be inherently dangerous, such as poisons or explosives are known to be. If the nature and quality of the article is such that it will place life or limb in peril when negligently made, it is then a thing of imminent danger. MacPherson v. Buick Motor Co., 1916, 217 N.Y. 382, 111 N. E. 1050; Employers' Liability Assur. Corporation, Limited, v. Columbus McKinnon Chain Co., D.C., 13 F.2d 128.

■ The foregoing leads to the inevitable conclusion that a plumber's furnace is an "imminently dangerous" article.

■ A review of the Indiana cases reveals that the law in the State of Indiana at the time this cause of action accrued was as stated in West Indiana Law Encyclopedia, Vol. 21, § 53, page 314: "The manufacturer, seller, or supplier of an imminently dangerous article owes a duty to all to whom it may come, and whose life may be in danger thereby, to exercise caution adequate to the peril involved."

We agree with a recent case in the Seventh Circuit, decided by an opinion filed November 8, 1961 and styled Elliott v. General Motors Corporation, No. 13353, 296 F.2d 125, resolving the question by concluding that the MacPherson (supra) rule is the law in Indiana. An analysis of the Indiana cases is set out in this well reasoned opinion:

"MacPherson was cited approvingly in Coca Cola Bottling Works of Evansville v. Williams (1941),

Appellate Court of Indiana, en banc, 111 Ind.App. 502, 37 N.E.2d 702, 706, and its holding was in effect approved by a reference to the 'imminently dangerous' rule in Holland Furnace Co. v. Nauracaj (1938), 105 Ind.App. 574, 14 N.E.2d 339, 342. In each of these two cases a petition to transfer was denied by the Indiana Supreme Court. The effect thereof is that the conclusions reached by the Appellate Court were approved by the Supreme Court. Smith v. State, 169 Ind. 260, 82 N.E. 450, 451, citing the second clause of section 1337j, Burns' Ann.Stat. 1901, now Burns' Ind.Stat.Ann. (1933), 1946 Replacement, § 4–215, p. 1122. This result has been emphasized by the Wisconsin Supreme Court, which, in the 1961 case of Wojciuk v. United States Rubber Co., et al., 13 Wis.2d 173, 108 N.W. 2d 149, considered, *inter alia*, a cause of action alleged against Phillips Petroleum Company, based upon the blowing out of a Phillips tire in Indiana, causing plaintiffs' automobile to overturn and injure them. The tire was purchased in Wisconsin. The issues of warranty were governed by the law of Wisconsin and the issues of negligence were governed by the law of Indiana. "The court held, 108 N.W.2d at 154, 155, that the Indiana subordinate courts

"' * * * with at least the tacit approval of the Supreme Court, have not followed the Travis expression of Indiana law. * * *

"' * * * Availing ourselves of that freedom, we conclude that Indiana law does not now require it essential to liability in such circumstances that there be privity of contract between the negligent manufacturer and the party injured by the negligence.' "

Accordingly the District Judge properly instructed the jury on the question of negligence as recognized by the law of Indiana.

■ (3) The sufficiency of the evidence is questioned. The appellee had purchased the furnace only two days before the explosion and had used it twice. The explosion could not have been caused from extraneous sources. The bottom was blown out of the furnace and it was left on its side. Well qualified witnesses gave reasons why a plumber's furnace defective in design or construction could explode. This was substantial evidence sufficient to carry the case to the jury. Sitta Ad'm v. American Steel and Wire Div. of United States Steel Corp., 254 F. 2d 12 (C.A.6); Tabor v. Continental Baking Co., 110 Ind.App. 633, 38 N.E. 2d 257, 262; Westfield Gas Corp. v. Hill, supra.

(4) The amount of damages, says the appellant, is exorbitantly excessive. This issue was included in a motion for a new trial which was denied.

The appellee, 39 years old, was severely burned on the upper part of his body, particularly his right arm and hand. His doctor and hospital bills were in the sum of $6,634.37. His loss of income at the time of trial was $14,040.00. He was in the hospital for three months and returned thereafter for further skin graft operations. Medical proof indicated that he was fifty per cent permanently impaired. He could no longer work by himself as a master plumber.

There is no charge that the amount of the verdict was the result of improper motive on the part of the jury, nor could there be so far as the record discloses.

■ Under the practice generally courts are reluctant to overturn jury verdicts on the grounds that they are excessive. The circumstances must be clear and plain in showing that the jury was influenced by improper motive and not simply because the amount given appears to be too much. Montgomery Ward & Co. v. Morris, 273 F.2d 452 (C. A.6); Werthan Bag Corp. v. Agnew, 202 F.2d 119 (C.A.6); Cleveland, C. C. & St. L. R. Co. v. Hadley, 170 Ind. 204, 82 N. E. 1025, 84 N.E. 13; Hahn v. Moore, 127 Ind.App. 149, 133 N.E.2d 900, 134 N.E. 2d 705.

The District Judge did not abuse his discretion in overruling the motion for a new trial.

We believe that all things done at the trial were fair, orderly and legal and, therefore, affirm the judgment.