**Alta M. SEAT, Appellant,**

**v.**

**EASTERN GREYHOUND LINES, INC., Appellee.**

Court of Appeals of Kentucky.

April 30, 1965.

Edwin O. Davis, Davis & Mahan, Louisville, for appellant.

Robert P. Hobson, Woodward, Hobson & Fulton, Louisville, for appellee.

WILLIAMS, Judge.

Appellant was injured in Illinois while a passenger on one of appellee's buses. She filed suit in Jefferson County more than a year after the accident occurred. The one year Kentucky statute of limitations was pleaded by appellee and motion for summary judgment was sustained.

Appellant raises but one question, which she states as follows: Where suit is brought in Kentucky on a cause of action arising in another jurisdiction having a statute of limitations which would not have barred the action, is the action barred in Kentucky if the Kentucky statute of limitations has run before the suit was filed?

KRS 413.140 provides a one year statute of limitations for personal injury actions. Illinois Revised Statutes, Chapter 83, paragraph 15, provides a two year statute of limitations. Two Federal cases, Burton v. Miller, 6 Cir., 185 F.2d 817, and Albanese

v. Ohio River-Frankfort Cooperage Corp., D.C., 125 F.Supp. 333, hold that, if a cause of action which arose in another state is not barred by the laws of that state, it is not barred in an action in Kentucky. This theory is based on some early Kentucky cases which were decided before KRS 413.-320 was amended in 1942. Smith v. Baltimore & Ohio Railway Company, 157 Ky. 113, 162 S.W. 564 (1914); Labatt v. Smith, 83 Ky. 599; John Shillito Co. v. Richardson, 102 Ky. 51, 42 S.W. 847 (1897); Gibson v. Womack, 218 Ky. 626, 291 S.W. 1021, 51 A.L.R. 773 (1927). The Federal court anticipated this Court would follow the prevailing rule the next time that statute came up·for consideration. That assumption was well founded.

KRS 413.320 provides:

"When a cause of action has arisen in another state or country, and by the laws of the state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period."

The effect of the statute is that the foreign statute of limitations shall prevail only when the time provided thereby is shorter than the period provided by the Kentucky statute of limitations.

A statute of limitations does not extinguish a legal right but merely affects the remedy, and the law of the forum controls remedies and procedures. Ley v. Simmons, Ky., 249 S.W.2d 808, 36 A.L.R. 2d 563 (1952). The great weight of authority is that a statute admitting the bar of the law of another state does not so adopt the foreign law as to lengthen the limitation period otherwise prescribed at the forum. See Annotation, 75 A.L.R. 231. In the Ley case we concluded that in an action brought in this state to en-

force a judgment of a court of another state whose statute of limitations was for a longer period than ours, the statute of limitations of Kentucky should govern.

 The same principle shall apply in an action on a tort committed in another state. If the statute of limitations in the foreign state is for a longer period of time than the statute provides in this state, then the law of Kentucky will prevail. If, on the other hand, the period of time provided by the statute in the foreign state is shorter than that provided in Kentucky, then KRS 413.320 applies and the law of the foreign jurisdiction shall prevail. Insofar as the Smith, Labatt, John Shillito and Gibson cases (supra) are in conflict herewith, they are expressly overruled.

In this case KRS 413.320 does not apply. The Illinois statute provides for a two year period. In Kentucky the limit is one year. Applying the law of the forum, the action was brought too late and was properly dismissed.

The judgment is affirmed.