**James WETHINGTON, Appellant,**

**v.**

**Dorothy GRIGGS, Appellee.**

Court of Appeals of Kentucky.

June 18, 1965.

E. H. Walton, Covington, for appellant.

John J. O'Hara, O'Hara & Ruberg, Covington, for appellee.

Charles S. Adams, Covington, amicus curiae.

WILLIAMS, Judge.

Appellant and appellee were involved in an automobile accident which occurred in Ohio on March 15, 1962. On February 19, 1964, suit was filed in the Campbell Circuit Court, more than a year after the accident, but less than two years after. Motion to dismiss the complaint was sustained in that court and from the judgment this appeal is taken.

KRS 413.140 provides a one-year statute of limitations for personal injury actions. The Ohio law in effect at the time this suit was filed provided a two-year statute of limitations. The question is, which statute of limitations shall apply.

The identical question was before us in Seat v. Eastern Greyhound Lines, Inc., Ky., 389 S.W.2d 908, where we said:

"A statute of limitations does not extinguish a legal right but merely affects the remedy, and the law of the forum controls remedies and procedures. Ley v. Simmons, Ky., 249 S.W. 2d 808, 36 A.L.R.2d 563 (1952). The great weight of authority is that a statute admitting the bar of the law of another state does not so adopt the foreign law as to lengthen the limitation period otherwise prescribed at the forum. See Annotation, 75 A.L.R. 231. In the Ley case we concluded that in an action brought in this state to enforce a judgment of a court of another state whose statute of limitations was for a longer period than ours, the statute of limitations of Kentucky should govern.

"The same principle shall apply in an action on a tort committed in another state. If the statute of limitations in the foreign state is for a longer period of time than the statute provides in this state, then the law of Kentucky will prevail. If, on the other hand, the period of time provided by the statute in the foreign state is shorter than that provided in Kentucky, then KRS 413.-320 applies and the law of the foreign jurisdiction shall prevail. * * *"

Applying the law of the forum, this action was brought too late and was properly dismissed.

The judgment is affirmed.