**Donald L. ATKINS, Plaintiff-Appellant,**

v.

**SCHMUTZ MANUFACTURING CO., Inc.,
Defendant-Appellee.**

**No. 16815.**

United States Court of Appeals
Sixth Circuit.

Feb. 16, 1967.

Charles A. Williams, Paducah, Ky., George E. Allen, Jr., Allen, Allen, Allen & Allen, Richmond, Va., David F. Guthrie, Jr., Halifax, Va., on brief, for appellant.

John P. Sandidge, Louisville, Ky., Robert P. Hobson, Woodward, Hobson & Fulton, Louisville, Ky., on brief, for appellee.

Before WEICK, Chief Judge, and PHILLIPS and PECK, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

This case presents the issue of whether the one-year Kentucky statute of limitations or the Virginia two-year statute applies to a complaint filed in a Kentucky

federal court when the tort occurred in Virginia.

Appellant was injured June 22, 1961, while working in Virginia, by a machine manufactured by appellee which was shipped to Virginia. Appellee was not amenable to service of process in Virginia. The complaint was filed in Kentucky June 19, 1963, more than one year after appellant's injury and less than two years after the accident out of which the action arises.

Under three previous decisions of this court, the Virginia two-year statute of limitation would govern and the action would not be barred by the Kentucky one-year statute. Collins v. Clayton & Lambert Manufacturing Co., 299 F.2d 362 (C.A.6); Koeppe v. Great Atlantic & Pacific Tea Co., 250 F.2d 270 (C.A.6); Burton v. Miller, 185 F.2d 817 (C.A.6). The decisions of this court were based upon the case law of Kentucky, which we construed to be controlling. Gibson v. Womack, 218 Ky. 626, 291 S.W. 1021, 51 A.L.R. 773; Smith v. Baltimore & Ohio Railway Co., 157 Ky. 113, 162 S.W. 564; Shillito v. Richardson, 102 Ky. 51, 42 S.W. 847; Labatt v. Smith, 83 Ky. 599.

The foregoing decisions of this court and the Kentucky Court of Appeals were in effect at the time the complaint was filed in the present case. Appellant asserts that he relied upon these decisions in filing his complaint three days before the Virginia two-year statute of limitations would have run.

On April 30, 1965, the Kentucky Court of Appeals announced its decision in Seat v. Eastern Greyhound Lines, 389 S.W.2d 908. In that case the cause of action arose in Illinois, where the controlling statute of limitations would have been two years. The Kentucky court held that the action was barred by the Kentucky one-year statute, saying:

"If the statute of limitations in the foreign state is for a longer period of time than the statute provides in this state, then the law of Kentucky will prevail. If, on the other hand, the period of time provided by the statute in the foreign state is shorter than that provided in Kentucky, then the KRS 413.320 applies and the law of the foreign jurisdiction shall prevail. Insofar as the Smith, Labatt, John Shillito and Gibson cases (supra) are in conflict herewith, they are expressly overruled.

"In this case KRS 413.320 does not apply. The Illinois statute provides for a two year period. In Kentucky the limit is one year. Applying the law of the forum, the action was brought too late and was properly dismissed." 389 S.W.2d at 910.

This decision of the Kentucky court was based upon its interpretation of KRS 413.320. This statute, as amended in 1942, provides:

"When a cause of action has arisen in another state or country, and by the laws of this state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period."

Prior to 1942, Section 2542 of the Kentucky statutes then existing provided as follows:

"When a cause of action has arisen in another state or country between residents of such state or country or between them and residents of another state or country, and by the laws of the state or country where the cause of the action accrued an action can not be maintained thereon by reason of the lapse of time, no action can be maintained thereon in this state."

The four Kentucky cases above cited, all of which were overruled by Seat v. Eastern Greyhound Lines, supra, were decided prior to the 1942 amendment.

Senior District Judge Roy M. Shelbourne sustained defendant's motion for summary judgment and dismissed the action on the ground that it is barred by the one-year statute of limitations of

Kentucky, relying upon Seat v. Eastern Greyhound Lines, supra.

Appellant urges that Seat v. Eastern Greyhound Lines should be applied only prospectively. Unfortunately for appellant, the Kentucky Court of Appeals applied this decision retroactively in Wethington v. Griggs, 392 S.W.2d 56. The *Wethington* case arose out of an automobile accident which occurred in Ohio on March 15, 1962. Ohio had a two-year statute of limitations. The action was filed in Kentucky more than one year after the date of the accident, but before the Ohio two-year statute would have run. Applying the law of the forum, the Kentucky court held that the action was brought too late and was barred by the one-year statute of limitations.

In diversity cases the law of the State in which a federal court sits must be followed with respect to the statute of limitations, Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, rehearing denied, 326 U.S. 806, 66 S.Ct. 7, 90 L.Ed. 491, and conflicts of laws, Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. Speaking for the Court in Guaranty Trust Co. v. York, Mr. Justice Frankfurter said:

"Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] was not an endeavor to formulate scientific legal terminology. It expressed a policy that touches vitally the proper distribution of judicial power between state and federal courts. In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court. The nub of the policy that underlies Erie R. Co. v. Tompkins is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away should not lead to a substantially different result. And so, putting to one side abstractions regarding 'substance' and 'procedure', we have held that in diversity cases the federal courts must follow the law of the State as to burden of proof, Cities Service Co. v. Dunlap, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196, as to conflict of laws, Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, as to contributory negligence, Palmer v. Hoffman, 318 U.S. 109, 117, 63 S.Ct. 477, 482, 87 L.Ed. 645, 144 A.L.R. 719. And see Sampson v. Channell, 1 Cir., 110 F.2d 754. Erie R. Co. v. Tompkins has been applied with an eye alert to essentials in avoiding disregard of State law in diversity cases in the federal courts." 326 U.S. at 109, 110, 65 S.Ct. at 1470.

If the complaint in the present case had been filed in a State court of Kentucky more than one year after the cause of action arose, it would have been barred by the Kentucky one-year statute of limitations, under the 1942 revision of KRS 413.320 as interpreted by the Kentucky Court of Appeals, Wethington v. Griggs, supra, 392 S.W.2d 56. The same result must be reached by this court in a diversity case arising in Kentucky. Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524; Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832.

Even though the equities of this case strongly favor appellant, this court has no choice except to apply the Erie Railroad doctrine. Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211.

Affirmed.