887 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip M. BEDFORD, Plaintiff-Appellant
v.
UNIVERSITY OF LOUISVILLE SCHOOL OF MEDICINE, et al.,
Defendant-Appellee
 No. 88-6423.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1989.
 
 Before MERRITT, Chief Judge, KRUPANSKY, Circuit Judge, and JAMES L. GRAHAM, District Judge.*
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff, Phillip Bedford, appeals from a District Court order granting Defendants summary judgment and dismissing Plaintiff's claims of race discrimination allegedly in violation of 42 U.S.C. Sec. 1981, 1983, 1985 and 1986, the Fourteenth Amendment of the United States Constitution and various state laws. The dispositive issue in this case is whether these federal claims are time-barred under the applicable statute of limitations. Finding that these federal claims are time-barred, we affirm the District Court's order of summary judgment and dismissal of Plaintiff's federal claims without addressing Defendants' qualified immunity defenses or Plaintiff's state law claims.
 
 
 2
 Plaintiff entered the University of Louisville School of Medicine in August, 1980 and successfully completed his first two years. After failing Junior Surgery Rotation, however, Plaintiff was placed on academic probation. While on probation, Plaintiff failed his Junior Psychiatric Rotation and, thus, was required to repeat his entire junior year. Plaintiff failed to comply with this requirement, and therefore was denied permission to graduate in May, 1984. Plaintiff enrolled in the remaining required junior courses, but he failed Junior Medicine. After various university committee considerations Plaintiff was notified of his dismissal from the University of Louisville on January 15, 1985. Plaintiff's request for reconsideration was denied.
 
 
 3
 In August, 1985, Plaintiff instituted grievance proceedings protesting his dismissal. Ultimately, it was determined that Plaintiff would have to apply for readmission to the University's Medical School. Plaintiff's application, however, was rejected. Plaintiff was notified of this rejection by a telephone call on February 24, 1987 and by a letter received March 2, 1987.
 
 
 4
 There is a dispute as to the date that this suit was filed. According to our analysis it makes no difference as between the disputed dates and thus we adopt March 2, 1988, as alleged by Plaintiff, as the date that his complaint was filed.
 
 I. Standard of Review
 
 5
 Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard to be applied in deciding a motion for summary judgment. Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This Court must review the conclusion of the District Court that Plaintiff's complaint is barred by the applicable statute of limitations.
 
 II. Statute of Limitations
 A. Section 1981
 
 6
 In determining the appropriate statute of limitations to be applied, Plaintiff argues that his Sec. 1981 claim arises from an implied contractual relationship between the Plaintiff and Defendants and, thus, is subject to Kentucky's five-year statute of limitations for suits on contracts which have not been reduced to writing.
 
 
 7
 This issue was addressed in Goodman v. Lukens Steel Co., 482 U.S. 656 (1987), in which the United States Supreme Court held that Sec. 1981 actions are governed by state statutes of limitations for personal injury suits. The Sixth Circuit has followed Goodman and held that Sec. 1981 claims should be characterized as tort actions subject to a state's statute of limitations for personal injury. Demery v. City of Youngstown, 818 F.2d 1257 (6th Cir.1987; Black Law Enf. Officers Ass'n v. City of Akron, 824 F.2d 475 (6th Cir.1987). Thus, Kentucky's one-year statute of limitations for personal injury suits is the appropriate statute of limitations to be applied to a Sec. 1981 claim. KRS 413.120(1).
 
 
 8
 Turning to the facts of this case, the latest possible date that could trigger the Kentucky statute of limitations is February 24, 1987, the date on which Plaintiff learned that his application for readmission had been denied. Plaintiff, however, did not file suit until March 2, 1988, more than one year after this date. Thus, Plaintiff's Sec. 1981 claim is time-barred.
 
 B. Section 1983
 
 9
 In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that the appropriate statute of limitations in a Sec. 1983 action is the state statute of limitations for personal injury. See also, Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989). Thus, Kentucky's one-year statute of limitations in personal injury suits is the appropriate statute of limitations to be applied to a Sec. 1983 claim. KRS 413.120(1). Under the analysis followed in the preceding section, Plaintiff's Sec. 1983 claim is time-barred because he filed this suit outside the applicable one-year limitations period.
 
 C. Section 1985
 Section 1985(3) provides:
 
 10
 "(3) [i]f two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." (emphasis added).
 
 
 11
 Section 1985 does not contain any statute of limitations. A court, therefore, must look to the most analogous statute of limitations of the state in which the cause of action arose. Mulligan v. Schlachter, 389 F.2d 231 (6th Cir.1968). The District Court applied KRS 413.140(1)(c) which provides:
 
 
 12
 "(1) The following actions shall be commenced within one (1) year after the cause of action accrued:
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 (c) An action for malicious prosecution, conspiracy, arrest, seduction, criminal conversation or breach of promise of marriage." (Emphasis added.)
 
 
 16
 This statute is the most analogous to Sec. 1985(3) in that it is directed at conspiracies. Under the analysis developed in the two preceding sections, Plaintiff's Sec. 1985 claim is time-barred because he filed this suit outside the applicable one-year limitations period.
 
 D. Section 1986
 
 17
 Section 1986 does not establish a cause of action under its literal terms, but rather imposes liability on one who neither prevents nor aids in the prevention of a violation of Sec. 1985. Because we hold that an action under Sec. 1985 is time-barred, an action under Sec. 1986 cannot be maintained.
 
 
 18
 E. Subchapter IV, Civil Rights Act of 1964, As Amended
 
 
 19
 Title 42, U.S.C. Sec. 2000c-6(a) grants the Attorney General authority to bring a civil action upon the receipt of a written complaint by an individual who alleges that he has been precluded from attending or continuing attendance at a public college on the basis of his race. Section 2000c-8, however, preserves the right of the individual to sue on the basis of race discrimination in public education.
 
 
 20
 The District Court properly found that Sec. 2000c-8 does not create a separate cause of action, but rather preserves private rights of action under other civil rights acts. Thus, Plaintiff's action grounded in Subchapter IV of the Civil Rights Act of 1964, as amended, should be dismissed.
 
 
 21
 Holding that Plaintiff's federal claims are time-barred under the applicable statutes of limitations, we find it unnecessary to address Plaintiff's state law claims or Defendants' immunity defenses.
 
 
 22
 Accordingly, the District Court's summary judgment in favor of Defendants is AFFIRMED.
 
 
 
 *
 The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation