64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William WALKER, Plaintiff-Appellant,
v.
LIFESKILLS, INC.; James Hamilton, Dr.; Barry Williams;
Lisa Doyle; Kentucky Correctional Psychiatric
Center; Frank Deland, Dr.; Leonard
Miller, Defendants-Appellees.
 No. 94-6578.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1995.
 
 Before: KEITH, KENNEDY and SILER, Circuit Judges.
 
 ORDER
 
 1
 William Walker, proceeding pro se, appeals a district court judgment dismissing his civil rights action brought pursuant to 42 U.S.C. Secs. 1983 and 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On March 16, 1993, Walker filed his pro se complaint seeking monetary and injunctive relief. Walker sued a private counselling center and employees of that center in 1989 (Lifeskills, Dr. James Hamilton, Barry Williams and Lisa Doyle), as well as a state psychiatric facility Kentucky Correctional Psychiatric Center (KCPC) and employees of that institution in 1989 (Dr. Frank Leland and Dr. Leonard Miller). Walker alleged that the criminal prosecution, the psychiatric evaluations and his treatment were based on a conspiracy by the defendants to deprive him of his First, Fifth, Eighth and Fourteenth Amendment rights, as well as his rights under state law. Walker's complaint mostly refers to defendants' conduct which pertains to a time period during 1989.
 
 
 3
 Pursuant to the motions to dismiss, a magistrate judge recommended that the case be dismissed as untimely pursuant to Kentucky's one-year statute of limitations in Ky.Rev.Stat. Sec. 413.140. Over Walker's objections, the district court adopted the recommendation of the magistrate judge and dismissed the case. Subsequently, Walker filed a motion to amend the district court's order arguing that the statute of limitations had not expired prior to filing his complaint on March 16, 1993, because of a "continuing conspiracy" among the defendants with the last overt act of the conspiracy being April 6, 1994, when he received his last Haldol injection pursuant to the pretrial diversion order. The district court overruled Walker's motion to amend.
 
 
 4
 On appeal, Walker's 42-page brief is construed as arguing those claims which he raised in the district court. Walker argues that the statute of limitations had not expired prior to the filing of his lawsuit and he again raises his "continuing conspiracy" argument. Walker concedes that the district court properly dismissed the KCPC from his lawsuit.
 
 
 5
 Initially, we note that during the district court proceedings, Walker abandoned any claim that he had with regard to his request for injunctive relief and any challenge to the validity of the charges brought against him in the Warren County (Kentucky) Circuit Court. Therefore, any challenge to the validity of those charges which led to Walker's being placed on pretrial diversion will not be considered by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Dismissal of a complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is proper if, even when the factual allegations of the complaint are accepted as true, it is clear that the plaintiff can prove no set of facts which would entitle him to relief against the defendants. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 7
 The district court properly dismissed Walker's lawsuit as time-barred. The one-year statute of limitations set forth in Ky.Rev.Stat. Sec. 413.140(1) governs civil rights actions arising in Kentucky. See Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir.1990). Although the one-year statute of limitations was previously tolled by incarceration (Walker argues that being on pretrial diversion was essentially the same as incarceration), the tolling provision was repealed effective July 13, 1990. See Ky.Rev.Stat. Sec. 413.310.
 
 
 8
 In this case, the events of which Walker complained occurred during 1989. Walker did not file his lawsuit until March 16, 1993. Walker's lawsuit against the defendants is time-barred as it was not filed within one year after his cause of action accrued. Even if the tolling provision applied to Walker's case, he would have only had until July 13, 1991, to file his lawsuit, or one year after the tolling provision was repealed. See Brown v. Wigginton, 981 F.2d 913, 914 (6th Cir.1992) (per curiam). Furthermore, even if Walker's complaint is construed as one for malicious prosecution, the one-year statute of limitations applies. Ky.Rev.Stat. Sec. 413.140(1)(c). With regard to Walker's Sec. 1985 claim of conspiracy, the one-year statute of limitations is also applicable. See Bedford v. University of Louisville Sch. of Medicine, No. 88-6423, 1989 WL 123143, at * 2 (6th Cir. Oct. 19, 1989).
 
 
 9
 Walker's continuing violation argument fails because a continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation. See McCune v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir.1988); see also Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir.1982) (per curiam) (court rejected plaintiff's argument that his continued incarceration from an allegedly false arrest constituted a continuing tort); Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir.1981) (continuing non-employment resulting from original action is not a continual violation).
 
 
 10
 To the extent that Walker is alleging that his state law rights were violated, the district court's exercise of its discretion pursuant to 28 U.S.C. Sec. 1367(c)(3) was proper.
 
 
 11
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.