Charles F. **BOWDEN** and Jean **Bowden, Plaintiffs–Appellants,**

v.

**CITY OF FRANKLIN, KENTUCKY, Defendant–Appellee.**

No. 00–5089.

United States Court of Appeals, Sixth Circuit.

June 6, 2001.

---

1. *United States v. Mans*, 999 F.2d 966 (6th Cir.1993).

Before KENNEDY and
SUHRHEINRICH, Circuit Judges;
GADOLA, District Judge.*

PER CURIAM.

Plaintiffs–Appellants Charles F. Bowden and Jean Bowden appeal the ruling of the Honorable Thomas B. Russell of the United States District Court for the Western District of Kentucky. Plaintiffs argue that the district court inappropriately granted Defendant–Appellee City of Franklin's motion for summary judgment prior to the close of discovery based on the applicable statutes of limitations. For reasons set forth below, we AFFIRM the district court's order granting Defendant's motion for summary judgment and dismissing this civil action.

I.

In 1972, Plaintiffs purchased a tract of land for $31,000 in Simpson County, Kentucky. Many years later, Defendant entered into an option agreement with Plaintiffs to purchase the land for $200,000. By its terms, the duration of the option was "Fron [sic] Dec. 6 1983 Until midnight May 6 1983." [1] Defendant never exercised its option.

Defendant's mayor stated that Defendant retained an engineering company in 1984 "to obtain core samples from land owned by the Bowdens" in order "to determine whether the Bowdens' land was suitable for a water treatment plant." On June 14, 1984, Defendant wrote to Plaintiffs seeking to negotiate the purchase of the property for the purpose of building a new water treatment plant. Defendant explained that if it were unable to purchase the property, it would file condemnation proceedings under Kentucky's eminent domain statutes. On August 15, 1984, Defendant offered Plaintiffs $23,000 for the

---

* The Honorable Paul V. Gadola, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. We assume that the expiration date should have read "May 6, 1984" rather than "May 6 1983." Because the document bears no other date, however, it also is possible that it ran from December 6, 1982 until midnight on May 6, 1983.

property, and, after Plaintiffs refused the offer, Defendant began condemnation proceedings.

On November 14, 1984, Defendant filed a petition in the Simpson Circuit Court seeking condemnation of the property for the purpose of constructing a new water treatment plant on the site. After two and a half years of litigation, on May 15, 1987, the Simpson Circuit Court entered a judgment awarding Plaintiffs $31,000 for the property following a jury trial. Plaintiffs appealed, and on August 19, 1988, the Kentucky Court of Appeals affirmed the judgment entered by the Simpson Circuit Court. Defendant, however, did not make the final payment on the judgment until June 11, 1993. According to Plaintiffs, "at this point ... the Bowdens decided to investigate the actions of the City in the taking of their land. This investigation ultimately resulted in this action being filed." [2]

## II.

On September 11, 1998, Plaintiffs filed a six-count Complaint in the United States District Court for the Western District of Kentucky. In Count I, Plaintiffs alleged that Defendant, either alone or as part of a conspiracy, misrepresented and fraudulently represented that it would purchase Plaintiffs' property for $200,000 .00 for the purpose of testing whether Plaintiffs' property was suitable for a water treatment facility. In Count II, Plaintiffs alleged that, "[a]s part of this ongoing fraud and/or conspiracy," Defendant trespassed on Plaintiffs' land and brought a condemnation action. In Count III, Plaintiffs alleged that as part of this ongoing fraud and/or conspiracy, Defendant fraudulently obtained a grant from the United States

Department of Commerce by making false or misleading statements in the grant application. In Count IV, Plaintiffs alleged that as part of this ongoing fraud and/or conspiracy, Defendant deprived Plaintiffs of civil rights under United States Constitution in violation of 42 U.S.C. §§ 1983, 1985. In Count V, Plaintiffs alleged that Defendant, either alone or as part of a conspiracy, caused a trial to be held that denied Plaintiffs a fair and impartial verdict. Finally, in Count VI, Plaintiffs alleged that "Defendants" acted "willfully, maliciously, and with callous disregard and reckless indifference" to Plaintiffs' rights which entitles Plaintiffs to punitive damages.

On February 10, 1999, Defendant filed a motion for summary judgment. After obtaining several extensions, Plaintiffs filed their response on April 5, 1999. Discovery was scheduled to close on May 31, 1999, but on June 8, 1999, pursuant to the agreement of both Plaintiffs and Defendant, the district court stayed the "discovery deadline" while the motion for summary judgment was pending.

In a Memorandum Opinion and Order entered August 23, 1999, the district court granted Defendant's motion for summary judgment. The district court summarized Plaintiffs' claims for relief as follows: "The Complaint states claims for fraud, conspiracy to trespass, and a civil rights claim under 42 U.S.C. § 1983. The Complaint further alleges that Defendant prevented them from obtaining a fair trial in the Simpson Circuit Court." The district court did not consider Plaintiffs' claim under 42 U.S.C. § 1985.

According to the district court, there is a five year statute of limitations for fraud,

---

**2.** In their brief on appeal, Plaintiffs reiterate that it was only after having been sent the final payment on June 11, 1993, "that the

Bowdens decided to review the actions of the City of Franklin that ultimately led to the filing of this action in Federal Court."

trespass, and conspiracy[3] and a one year statute of limitations for a Section 1983 claim. The district court held that,

> Plaintiffs' injuries were known in 1987—the time of the final judgment of the condemnation action. Plaintiff[s] should have known enough facts to trigger further inquiry at that time, over eleven years prior to filing this suit. Therefore, Plaintiffs' claims are time barred by the applicable statute of limitations discussed above, and this case must be dismissed.

Furthermore, the district court concluded that Plaintiffs' reliance on *Hazel v. General Motors Corp.*, 863 F.Supp. 435 (W.D.Ky. 1994), was unavailing. Plaintiffs had argued that the "key to this case is not a determination as to when trespass, fraud or injury to the Bowdens occurred, the key is to determine when the Bowdens first learned when the fraud, trespass, or injury occurred." Plaintiffs relied on the language in *Hazel* that, "Kentucky Courts have allowed tolling of the statute where ... 'the injury and the discovery of the causal relationship do not occur simultaneously.'" 863 F.Supp. at 438 (quoting *Perkins v. Northeastern Log Homes*, 808 S.W.2d 809, 819 (Ky.1991)).

The district court relied upon the unpublished opinion in *Hazel* on appeal, where another panel of this Court concluded that, "the key question is when plaintiff knew or should have known enough facts to trigger the duty to engage in further inquiry." *Hazel v. General Motors Corp.*, No. 94–6661, 1996 WL 198203, at *4, 83 F.3d 422 (6th Cir. Apr.23, 1996). As mentioned above, the district court concluded that Plaintiffs' injuries were known at the time of the state court judgment in 1987 and that judgment should have triggered further inquiry. Therefore, the district court concluded that Plaintiffs' claims were time-barred by the applicable statutes of limitations.

## III.

This Court reviews a district court's grant of summary judgment de novo, guided by the same principles as the district court. *See M/G Transport Services, Inc. v. Water Quality Insurance Syndicate*, 234 F.3d 974, 977 (6th Cir.2000). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

The Court must view the facts and all inferences drawn therefrom in the light most favorable to the nonmoving party. *See Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In response to a motion for summary judgment, however, the nonmoving party must set forth specific facts demonstrating that there is a genuine issue for trial. Rule 56 requires that,

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond,

---

**3.** The district court stated that, "K.R.S. 413.140 ... establishes a five year statute of limitation for conspiracy." Section 413.140, however, provides that, "[t]he following actions shall be commenced within one (1) year after the cause of action accrued: * * * An action for ... conspiracy ...." K.R.S. 413 .140(1)(c).

summary judgment, if appropriate, shall be entered against the adverse party. Fed.R.Civ.P. 56(e).

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

### A.

■ In their Complaint, Plaintiffs alleged that Defendant deprived them "of their Civil Rights guaranteed by the United States Constitution, and as further provided for in 42 United States Code Sections 1983 and 1985." Section 1983 grants a right of action to persons claiming to have been deprived of "rights, privileges, or immunities secured by the Constitution" or federal law. 42 U.S.C. § 1983. Section 1983 does not grant or create a substantive right. *See Graham v. Connor*, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Similarly, Section 1985 grants a right of action to persons claiming to have been deprived of rights, privileges, or immunities secured by the Constitution or federal law because of a conspiracy. *See* 42 U.S.C. § 1985(3). Section 1985(3) does not grant or create a substantive right. *See Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 372, 376, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979).

■ In Count IV, Plaintiffs do not specify which of their civil rights allegedly were violated. Nevertheless, for reasons set forth below, the applicable statute of limitations for any claim arising under either Section 1983 or 1985(3) is one year. The statute of limitations for a claim for relief under Section 1983 is governed by the state statute of limitations for personal injury claims. *See Wilson v. Garcia*, 471 U.S. 261, 267–68, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). A personal injury claim in Kentucky must be brought within one year of the incident causing the injury. *See* K.R.S. 413.140(a). Thus, Plaintiffs' Section 1983 claim must have been brought within one year of accruing. Another panel of this Court concluded in an unpublished opinion that the statute of limitations for a claim for relief under to Section 1985 is governed by "the most analogous statute of limitations of the state in which the cause of action arose." *Bedford v. University of Louisville School of Medicine*, No. 88–6423, 1989 WL 123143, at *2, 887 F.2d 1086 (6th Cir. Oct.19 1989) (citing *Mulligan v. Schlachter*, 389 F.2d 231 (6th Cir.1968)). Section 413.140 of the Kentucky Revised Statutes provides that, "[t]he following actions shall be commenced within one (1) year after the cause of action accrued: * * * An action for malicious prosecution, conspiracy, arrest, seduction, criminal conversation or breach of promise of marriage." K.R.S. 413.140(1)(c). The *Bedford* panel held that Section 413.140 "is the most analogous to § 1985(3) in that it is directed at conspiracies." *Bedford*, 1989 WL 123143, at *3. Therefore, a claim for relief under Section 1985 must be brought within one year of the date of accrual.

■ While statutes of limitations and tolling principles are governed by state law, the question of when a federal civil rights claim accrues remains one of federal law. *See LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1107

(6th Cir.1995); *Sevier v. Turner,* 742 F.2d 262, 272 (6th Cir.1984). In general, a civil rights claim for relief accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir.1991); *Sevier,* 742 F.2d at 273. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier,* 742 F.2d at 273.

■ If Plaintiffs' claims for relief under Section 1983 and Section 1985 accrued prior to September 11, 1997—one year prior to this civil action being filed—then Plaintiffs' federal claims are barred by the statute of limitations. Plaintiffs insist that they did not know until 1995 that they had any claim against Defendant:

> the Bowdens made all reasonable efforts to pursue their claim. It was not until at the earliest 1995 that they learned that they might have a claim against the City of Franklin and other parties.

> ※　　※　　※　　※　　※　　※

> ... Judge Russell determined that the Bowdens should have known of their injury as of 1987, or at least have known enough to make reasonable inquiry at that time. The Bowdens however could not have known of the wrongdoing and in fact a majority of the wrongdoing by the City of Franklin did not even take place until much later.

On the face of their Complaint, however, Plaintiffs did not sue for any alleged wrongdoing that occurred after the state court judgment in 1987.

In their submissions to the Court, Plaintiffs make conflicting representations about the sufficiency of the evidence before the district court. In their response to Defendant's motion for summary judgment, Plaintiffs state that, "[w]hen determining if and when the cause of action accrued in the Bowden case, this Court must be mindful of the fact that the Bowdens did not uncover the wrongdoing of the City until the last few years." Nonetheless, Plaintiffs did not come forth with any evidence that they could not have discovered the accrual of the claim for relief before 1995 as they allege. Indeed, Plaintiffs admit that, "[i]n the case at hand there is no discovery in the record to determine when the plaintiffs knew or should have known that [they] have been injured by a conspiracy." Plaintiffs, however, also state that, "[i]t was (and is) appellants' belief that the District Court had sufficient facts and documents to preclude it from granting a summary judgment." They contend that the district court "ignor[ed] evidence of a much later accrual of the cause of action and indeed ignor[ed] evidence regarding the ability of the Bowdens to discover the accrual of the cause of action," and "if the District Court had used all reasonable inferences, it would have had to determine that the cause of action only accrued within the last few years."

According to Rule 56 of the Federal Rules of Civil Procedure, if the nonmoving party does not respond to a motion for summary judgment with specific facts, by affidavit or otherwise, showing that there is a genuine issue for trial, then "summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e). Plaintiffs are in a unique position to provide such facts, but they submitted nothing that would create a genuine issue as to a material fact in response to Defendant's motion. Thus, Plaintiffs did not meet their burden under Rule 56(e). Therefore, we conclude that Plaintiffs' federal claims are barred by the statute of limitations.

### B.

Plaintiffs' remaining claims for relief appear to arise under state law. We will

address each such claim in a separate section below.

### 1. Count I

In Count I, Plaintiffs claim that Defendant, either alone or as part of a conspiracy, misrepresented and fraudulently represented that it would purchase Plaintiffs' property for $200,000.00. According to Kentucky law, "[t]he following actions shall be commenced within five (5) years after the cause of action accrued: * * * An action for relief or damages on the ground of fraud ...." K.R.S. 413.120(12). The Kentucky accrual statute relating to a claim for fraud provides that,

> In an action for relief or damages for fraud or mistake, referred to in subsection (12) of KRS 413.120, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake. However, the action shall be commenced within ten (10) years after the time of making the contract or the perpetration of the fraud.

K.R.S. 413.130(3).

■ Plaintiffs argued to the district court that, "K.R.S. 413.130 is a procedural matter, not binding upon this Federal Court. The Statute can not [sic] be used to circumvent Federal law as to when a cause of action accrues." This is incorrect. In contrast to the federal civil rights claims discussed above, the Court must look to state law to determine when the claim for relief accrues when that claim is before a federal court on diversity or supplemental jurisdiction. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Woods v. Interstate Realty Co.*, 337 U.S. 535, 538, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949); *Ragan v. Merchants Transfer and Warehouse Co.*, 337 U.S. 530, 532–34, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct.

1464, 89 L.Ed. 2079 (1945); *Macon v. ITT Continental Baking Co., Inc.*, 779 F.2d 1166, 1172 n. 5 (6th Cir.1985); *Atkins v. Schmutz Manufacturing Co. .*, 372 F.2d 762, 764 (6th Cir.1967).

■ The fraud or misrepresentation at issue in Count I is the entry into the option contract which expired on May 6, 1984 at the latest. Plaintiffs presented no evidence showing when they discovered the fraud. Even if Plaintiffs never discovered the fraud, the accrual statute provides a ten year limit "after the time of making the contract or the perpetration of the fraud." K.R.S. 413.130(3). Thus, the time limit would have expired in May, 1994 at the latest, more than four years before this civil action was filed. Therefore, Count I is barred by the statute of limitations.

### 2. Count II

■ In Count II, Plaintiffs claim that, "[a]s part of this ongoing fraud and/or conspiracy," Defendant trespassed on Plaintiffs' land and brought a condemnation action in state court. To the extent that this is a trespass claim, Count II is barred by the applicable statute of limitations. According to Kentucky law, "[t]he following actions shall be commenced within five (5) years after the cause of action accrued: * * * An action for trespass on real or personal property." K.R.S. 413.120(4). "[A]n action for trespass usually accrues when the trespass is committed. At that time the statute of limitations begins to run." *Fergerson v. Utilities Elkhorn Coal Co.*, 313 S.W.2d 395, 399 (Ky. 1958). The only evidence of an alleged trespass to determine the suitability of the property for a water treatment plant occurred in 1984. The condemnation action also was brought in 1984. The five-year statute of limitations began to run in 1984

and, therefore, would have expired long before 1998 when this civil action was filed.

■ To the extent that this is a conspiracy claim, Count II also is barred by the applicable statute of limitations. According to Kentucky law, "[t]he following actions shall be commenced within one (1) year after the cause of action accrued: * * * An action for ... conspiracy ...." K.R.S. 413.140(1)(c). Again, the only evidence is that the trespass occurred in 1984, the same year the condemnation action was filed. The one year began to run then and would have expired long before 1998 when this civil action was filed. Therefore, Count II is barred by the statute of limitations.

### 3. Count III

In Count III, Plaintiffs claim that as part of this ongoing fraud and/or conspiracy, Defendant fraudulently obtained a grant from the United States Department of Commerce by making false or misleading statements in the grant application. Defendant apparently applied for a grant for the construction of a water treatment plant on June 5, 1984.

■ To the extent that this is a fraud claim, the statute of limitations is five years, subject to some tolling provisions, *see* K.R.S. 413.120(12), and it could not be brought after ten years of the fraud, regardless of the tolling provisions, *see* K.R.S. 413.130(3). There is no evidence that it should have accrued after June 5, 1984 because the locus of the alleged fraud was the false or misleading statements in the application. Even if Plaintiffs never discovered the fraud, the statute of limitations would have expired in 1994 at the latest. *See* K.R.S. 413.130(3).

■ To the extent that this is a conspiracy claim, the statute of limitations is one year. *See* K.R.S. 413.140(1)(c).

Again, there is no evidence that it should have accrued after June 5, 1984 because the locus of the alleged conspiracy was the false or misleading statements in the application. Thus, the statute of limitations would have expired in 1985 at the latest. Therefore, Count III is barred by the statute of limitations.

### 4. Count V

In Count V, Plaintiffs claim that Defendant, either alone or as part of a conspiracy, caused a trial to be held that denied Plaintiffs a fair and impartial verdict. Count V appears to be an attempt to appeal the state court trial and judgment to the federal courts and does not appear to be a claim upon which relief can be granted, an issue that was not considered below and is not on appeal.

■ To the extent that this is a conspiracy claim, the statute of limitations expired within one year of accruing. According to Kentucky law, "[t]he following actions shall be commenced within one (1) year after the cause of action accrued: * * * An action for ... conspiracy ...." K.R.S. 413.140(1)(c). This claim for relief would have accrued at the end of the trial in the Simpson Circuit Court at the very latest because it was at that point that Plaintiffs should have known that the verdict was unfair. The judgment following that trial was issued on May 15, 1987. Therefore, the statute of limitations expired on May 15, 1988, more than a decade before this civil action was filed.

■ To the extent that this is some other sort of claim for relief not specifically listed in the statutes, Kentucky law provides that, "[a]n action for relief, not provided for by statute, can only be commenced within ten (10) years after the cause of action accrued." K.R.S. 413.160. Even if the Court assumes a ten-year stat-

ute of limitations, this claim for relief would have accrued at the end of the trial at the very latest, and the statute of limitations would have expired on May 15, 1997, well before this civil action was filed. Therefore, Count V is barred by the statute of limitations.

### 5. Count VI

In Count VI, Plaintiffs claim that "Defendants" (plural) acted "willfully, maliciously, and with callous disregard and reckless indifference" to Plaintiffs' rights which entitles Plaintiffs to punitive damages. Count VI is not a claim for relief but a request for punitive damages. Since all other counts are barred by the statute of limitations, the issue of punitive damages is moot.

### IV.

For reasons set forth above, we AFFIRM the district court's order granting Defendant's motion for summary judgment and dismissing this civil action.