William **WALKER**, Plaintiff–Appellant,

v.

**LIFESKILLS, INC.; James Hamilton, Dr.; Barry Williams; Lisa Doyle; Kentucky Correctional Psychiatric Center; Frank Deland, Dr.; Leonard Miller, Defendants–Appellees.**

No. 01–6180.

United States Court of Appeals, Sixth Circuit.

March 21, 2002.

Before BATCHELDER and CLAY,
Circuit Judges; CARR, District Judge.*

*ORDER*

William Walker, a Kentucky prisoner proceeding pro se, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 16, 1993, Walker filed his pro se complaint seeking monetary and injunctive relief. Walker sued a private counseling center and employees of that center in 1989 (Lifeskills, Dr. James Hamilton, Barry Williams and Lisa Doyle), as well as a state psychiatric facility (Kentucky Correctional Psychiatric Center), and persons employed at that institution in 1989 (Dr. Frank Deland and Leonard Miller). Walker alleged that the criminal prosecution, the psychiatric evaluations and his treatment were based on a conspiracy by the defendants to deprive him of his First, Fifth, Eighth and Fourteenth Amendment rights, as well as his rights under state law.

On September 9, 1994, the district court entered an order dismissing Walker's complaint as untimely pursuant to Kentucky's one-year statute of limitations in Ky.Rev. Stat. Ann. § 413.140. This court affirmed the district court's order in an order filed August 18, 1995. *See Walker v. Lifeskills, Inc.*, No. 94–6578, 1995 WL 496654 (6th Cir. Aug. 18, 1995) (unpublished order), and on October 19, 1995, denied Walker's petition for rehearing. A mandate was issued on October 27, 1995. This court denied Walker's motion to recall the mandate.

On February 14, 1996, the district court denied Walker's motion for relief from the order of dismissal entered September 9, 1994. Thereafter, on June 3, 1996, Walker filed a motion to reopen the civil rights action pursuant to Fed.R.Civ.P. 60(b)(1),

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

(2), (3), (5) and (6). The district court denied the motion in an order entered June 27, 1996.

This court denied Walker's motion to proceed as a pauper, finding that the district court did not abuse its discretion in denying Walker's motion to reopen the case, and that an appeal would be frivolous. This court also denied Walker's motion to reconsider and dismissed the appeal for want of prosecution.

Thereafter, on August 20, 1997, Walker filed a renewed motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(5) and (6). The district court denied the motion in an order entered September 19, 1997.

Once again Walker appealed. In an order entered May 6, 1998, this court affirmed the order denying Walker's motion for relief from judgment. *See Walker v. Lifeskills, Inc.,* No. 97–6216, 1998 WL 246381 (6th Cir. May 6, 1998) (unpublished order). A mandate was issued on June 2, 1998.

Walker then moved to reopen this action in the district court on grounds that the case was not time-barred, and "for other reasons justifying relief" under Fed. R.Civ.P. 60(b)(6). The district court denied the motion in orders entered September 3, 1998, and September 14, 1998.

On September 22, 1998, Walker filed another motion for relief from judgment. The district court denied the motion in an order entered December 9, 1998. In an order entered June 17, 1999, this court affirmed the order denying Walker's motion for relief from judgment. *See Walker v. Lifeskills, Inc.,* No. 99–5005, 1999 WL 435148 (6th Cir. June 17, 1999) (unpublished order).

Walker then filed a motion for relief from the September 9, 1994, judgment on December 28, 1999. The district court denied the motion in an order entered February 23, 2000 and ordered that no further motions be filed in this case. In an order entered November 30, 2000, this court affirmed the order denying Walker's motion for relief from judgment. *See Walker v. Lifeskills, Inc.,* No. 00–5364, 2000 WL 1800588 (6th Cir. Nov. 30, 2000) (unpublished order).

Walker then filed the current motion for relief from the September 9, 1994, judgment on June 26, 2001. The district court denied the motion in an order entered September 7, 2001, and informed Walker that any further vexatious filings in this suit would result in the imposition of sanctions pursuant to Fed.R.Civ.P. 11. This appeal followed.

Upon review, we conclude that the district court did not abuse its discretion when it denied Walker's current motion for relief under Rule 60(b). *See Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993); *McDowell v. Dynamics Corp. of Am.,* 931 F.2d 380, 383 (6th Cir.1991). Walker failed to satisfy the standards set forth in subsection (b)(1). His motion does not claim that any error of law was made in the initial decision granting summary judgment. Further, Walker did not present any new evidence which justified the granting of Rule 60(b)(2) relief. Finally, subsection (b)(6) may afford relief only in exceptional circumstances which are not otherwise addressed by the first five numbered clauses of the rule. *Lewis,* 987 F.2d at 395; *McDowell,* 931 F.2d at 383–84. No exceptional circumstances are present in this case.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.