Terry G. HAYES, Plaintiff–Appellant,

v.

Joseph J. WANTLAND, Counsel of City
of Mount Washington; Ed Hilbert,
Mayor, City of Mount Washington;
Mount Washington Police Depart-
ment, Chief Leo Oliver; John Priddy,
Officer; Gene Shephard, Assistant
Chief; Walter Sholar, Bullitt County
Attorney; Danny Fackler, Jailer; Ray
Barns, Deputy; Rebecca Ward; City
of Mount Washington, Kentucky, De-
fendants–Appellees.

No. 01–6419.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2002.

Before: RYAN and BOGGS, Circuit
Judges; HAYNES, District Judge.*

*ORDER*

Terry G. Hayes, a pro se Kentucky resi-
dent, appeals a district court order dis-
missing his amended complaint filed under
42 U.S.C. §§ 1981, 1983, 1985, and 1986;
and Kentucky law. This case has been
referred to a panel of the court pursuant
to Rule 34(j)(1), Rules of the Sixth Circuit.
Upon examination, this panel unanimously
agrees that oral argument is not needed.
Fed. R.App. P. 34(a).

Seeking unspecified compensatory and
punitive damages, Hayes sued the City of
Mt. Washington, Ky., and its mayor (Hil-

bert), the Mt. Washington Police Depart-
ment, Officer Priddy, Assistant Police
Chief Shephard, the Bullitt County Attor-
ney's Office, the Bullitt County Jailer
(Fackler), a deputy employed by the jail
(Barns), and an employee of the Bullitt
County Courthouse (Ward). Hayes al-
leged that, on August 19, 1999, Priddy
arrested him for criminal littering and as-
saulted him the next day outside of the
Bullitt County Jail. Hayes further claimed
that he informed the jailers of the assault
and requested emergency medical treat-
ment, but none was provided. Hayes also
stated that Shephard arrested him on July
20, 2000, but provided no other allegations
concerning that arrest. Hayes claimed
that the defendants' actions violated his
right to adequate medical care under the
U.S. Constitution and constituted gross
negligence in violation of rights secured by
the Kentucky Constitution.

Hayes subsequently filed an amended
complaint, naming the City of Mt. Wash-
ington, Officer Priddy, Assistant Chief
Shephard, Jailer Fackler, and Deputy
Barns. In addition to the allegations re-
garding the August 19–20 incident, Hayes
alleged that Shephard arrested him on No-
vember 8, 1999, on an outstanding warrant
that lacked probable cause because the
charge had been dismissed without preju-
dice. Hayes alleged causes of action for
denial of his freedom of speech, depriva-
tion of his right to be free from unreason-
able seizure, deprivation of his liberty
without due process, cruel and unusual
punishment, denial of equal protection, and
the state torts of false imprisonment and
outrageous conduct.

The district court granted the defen-
dants' motions to dismiss Hayes's federal
causes of action as time-barred in a memo-

* The Honorable William J. Haynes, Jr., United
States District Judge for the Middle District of
Tennessee, sitting by designation.

randum opinion and order entered on October 29, 2001. The district court also denied Hayes's motions for injunctive relief as Hayes had failed to establish a likelihood of success on the merits, and dismissed the state tort claims without prejudice. On appeal, Hayes continues to argue the merits of his claims.

Upon review, we affirm the district court's order. This court reviews *de novo* a district court's dismissal of a complaint as barred by the applicable statute of limitations. *Sierra Club v. Slater*, 120 F.3d 623, 630 (6th Cir.1997).

The district court did not err in dismissing Hayes's complaint. Section 1986 of Title 42 contains a one-year limitations period and causes of action under §§ 1981, 1983, and 1985 are subject to the one-year statutes of limitations established for analogous Kentucky actions. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir.1990); *Demery v. City of Youngstown*, 818 F.2d 1257, 1261 (6th Cir.1987); *Bedford v. Univ. of Louisville Sch. of Medicine*, No. 88–6423, 1989 WL 123143, at *2 (6th Cir. Oct.19, 1989); Ky.Rev.Stat. §§ 413.120(1), 413.140(1)(c).

Hayes's causes of actions accrued no later than August 19 and 20, 1999, and November 8, 1999, when he knew or should have known of the injuries forming the bases of his causes of action. Hayes filed his original civil rights complaint on February 12, 2001, well beyond the one-year limitations period. Thus, the federal claims were properly dismissed as time-barred.

In addition, Hayes's requests for protective orders were properly denied. As noted by the district court, his requests were not accompanied by any showing that he was entitled to relief.

Once the federal claims were dismissed, the district court properly exercised its discretion to dismiss without prejudice Hayes's supplemental state claims. *See Street v. Corr. Corp. of America*, 102 F.3d 810, 818 (6th Cir.1996).

In his brief on appeal, Hayes fails to address the basis of the district court's decision, but argues only the merits of his underlying claims. The merits of those claims are not properly before this court.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.