William WALKER, Plaintiff–Appellant,

v.

LIFESKILLS, INC., et al.,
Defendants–Appellees.

No. 02–5852.

United States Court of Appeals,
Sixth Circuit.

Feb. 14, 2003.

Before SILER and ROGERS, Circuit Judges; and GWIN, District Judge.*

*ORDER*

William Walker, a Kentucky prisoner proceeding pro se, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This is Walker's seventh appeal in this case. In 1993, Walker sued Lifeskills, Inc. (Lifeskills), a private counseling center; Lifeskills employees Dr. James Hamilton, Barry Williams, and Lisa Doyle; the Kentucky Correctional Psychiatric Center (KCPC); and KCPC employees Dr. Frank Deland and Leonard Miller. Walker alleged that, in 1989, the defendants conspired to deprive him of his First, Fifth,

Eighth and Fourteenth Amendment rights and his rights under state law when they had him arrested on mental health warrants, committed him to the KCPC, and improperly evaluated and treated him. He sought monetary and injunctive relief. In September 1994, the district court dismissed the complaint as untimely pursuant to Kentucky's one-year statute of limitations. *See* Ky.Rev.Stat. Ann. § 413.140. The district court also denied Walker's motion to amend the judgment. This court affirmed the district court's order of dismissal in August 1995. *Walker v. Lifeskills, Inc.,* No. 94–6578, 1995 WL 496654 (6th Cir. Aug. 18, 1995) (unpublished order).

Walker then began filing a series of unsuccessful post-judgment attacks on the district court's September 1994 order of dismissal. He filed two in 1996, one in 1997, one in 1998, one in 1999, one in 2000, and one in 2001. The district court denied each motion, and this court affirmed each denial that Walker appealed. *See Walker v. Lifeskills, Inc.,* No. 97–6216, 1998 WL 246381 (6th Cir. May 6, 1998) (unpublished order); *Walker v. Lifeskills, Inc.,* No. 99–5005, 1999 WL 435148 (6th Cir. June 17, 1999) (unpublished order); *Walker v. Lifeskills, Inc.,* No. 00–5364, 2000 WL 1800588 (6th Cir. Nov. 30, 2000) (unpublished order); *Walker v. Lifeskills, Inc.,* No. 01–6180, 2002 WL 449845, 31 Fed. Appx. 186 (6th Cir. Mar. 21, 2002) (unpublished order).

Walker filed his most recent motion in May 2002. He requested leave to file a renewed motion for relief from judgment. The district court denied the motion in June 2002, noting that the case was dismissed in 1994. This appeal followed.

In his timely appeal, Walker argues that the district court abused its discretion by

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

252

not recognizing an exception to the law of the case doctrine and by not reopening its decision to dismiss his case.

Upon review, we conclude that the district court did not abuse its discretion when the court denied Walker leave to file another Rule 60 motion because the motion was without merit. *See Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998). In his tendered motion, Walker argued that his complaint was timely because each monthly injection of a psychiatric medication he received constituted part of a continuing violation of his rights, that the defendants concealed facts underlying his malicious prosecution cause of action, and that equitable tolling should have applied because the injections he received rendered him incapable of pursuing his legal rights. Walker relied on Fed. R.Civ.P. 60(b)(1), (3), (4), (5), and (6).

Walker failed to satisfy the standards for relief under any of the Rule 60(b) provisions he invoked. He did not show any mistake under subsection (1) or fraud under subsection (3), did not show that the judgment is void as required by subsection (4), did not show that the judgment should not have prospective application as required by subsection (5), and did not identify any exceptional circumstances justifying relief under subsection (6). Walker's latest attempt to attack the now eight-year-old judgment dismissing his case is entirely without merit.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C). Rules of the Sixth Circuit.

* The Honorable Peter C. Economus, United States District Judge for the Northern District