**William B. WALKER, Plaintiff–Appellant,**

v.

**LIFESKILLS, INC.; James Hamilton, Dr.; Barry Williams; Lisa Doyle; Kentucky Correctional Psychiatric Center; Frank Deland; Leonard Miller, Defendants–Appellees.**

No. 03–6443.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2004.

William B. Walker, Lagrange, KY, pro se.

David F. Broderick, Broderick & Thornton, Bowling Green, KY, Ann T. Hunsaker, Office of General Counsel Cabinet for Health Services, Frankfort, KY, Donald W. Darby, Darby & Gazak, Scott P. Whonsetler, Whonsetler & Johnson, Louisville, KY, for Defendants–Appellees.

Before MARTIN, COLE, and GIBBONS, Circuit Judges.

## ORDER

William Walker, a Kentucky prisoner proceeding pro se, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This is Walker's ninth appeal in this case. In 1993, Walker sued Lifeskills, Inc. (Lifeskills), a private counseling center; Lifeskills employees Dr. James Hamilton, Barry Williams, and Lisa Doyle; the Kentucky Correctional Psychiatric Center (KCPC); and KCPC employees Dr. Frank Deland and Leonard Miller. Walker alleged that, in 1989, the defendants conspired to deprive him of his First, Fifth, Eighth and Fourteenth Amendment rights and his rights under state law when they had him arrested on mental health warrants, committed him to the KCPC, and improperly evaluated and treated him. He sought monetary and injunctive relief. The magistrate judge recommended dismissing the complaint as untimely pursuant to Kentucky's one-year statute of limitations. *See* Ky.Rev.Stat. Ann. § 413.140. The district court adopted the magistrate judge's report and recommendation over Walker's objections and dismissed the case in September 1994. The district court also denied Walker's motion to amend the judgment. This court affirmed the district court's order of dismissal in August 1995. *Walker v. Lifeskills, Inc.*, No. 94–6578, 1995 WL 496654 (6th Cir. Aug.18, 1995) (unpublished order).

Walker then began filing a series of unsuccessful post-judgment attacks on the district court's September 1994 order of dismissal. He filed two in 1996, one in 1997, one in 1998, one in 1999, one in 2000, and one in 2001. The district court denied each motion, and this court affirmed each denial that Walker appealed. *See Walker v. Lifeskills, Inc.*, No. 97–6216, 1998 WL

246381 (6th Cir. May 6, 1998) (unpublished order); *Walker v. Lifeskills, Inc.*, No. 99–5005, 1999 WL 435148 (6th Cir. June 17, 1999) (unpublished order); *Walker v. Lifeskills, Inc.*, No. 00–5364, 2000 WL 1800588 (6th Cir. Nov.30, 2000) (unpublished order); *Walker v. Lifeskills, Inc.*, No. 01–6180, 2002 WL 449845 (6th Cir. Mar.21, 2002) (unpublished order). This court also dismissed one of Walker's appeals for want of prosecution after denying him pauper status on appeal. *Walker v. Lifeskills, Inc.*, No. 96–5987 (6th Cir. Feb. 4, 1997).

In May 2002, Walker filed a motion for leave to file a renewed motion for relief from judgment. The district court denied the motion in June 2002, simply noting that the case was dismissed in 1994. This court affirmed the order denying the motion. *See Walker v. Lifeskills, Inc.*, No. 02–5852, 2003 WL 356177 (6th Cir. Feb.14, 2003) (unpublished order).

Walker filed his most recent motion in September 2003. He requested leave to file a renewed motion for relief from judgment. The district court denied the motion in October 2003, noting that Walker failed to offer anything new. This appeal followed. The appellees have filed motions for sanctions.

■ Upon review, we conclude that the district court did not abuse its discretion when the court denied Walker leave to file another Rule 60(b) motion because the motion was without merit. *See Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998). In his tendered motion, Walker argued that his complaint was timely because his cause of action did not accrue and the statute of limitations did not begin to run until April 7, 1994, when the pretrial diversion order was invalidated, citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). He also argued that equitable tolling should have applied because the injections he received rendered him incapable of pursuing his legal rights. Walker relied on Fed. R.Civ.P. 60(b)(1), (5), and (6).

Walker failed to satisfy the standards for relief under Rule 60(b). He did not show any mistake or fraud, or that the judgment should not have prospective application, and he did not identify any exceptional circumstances justifying relief. Walker's latest attempt to attack the now ten-year-old judgment dismissing his case is entirely without merit.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit. Reasonable attorney fees and double costs are hereby awarded to the appellee pursuant to 28 U.S.C. § 1912 and Fed. R.App. P. 38. An itemized and verified bill of costs and attorney fees may be filed with the clerk of this court, with proof of service, within fourteen days after entry of this order.

■ Lastly, the present appeal is Walker's ninth non-meritorious appeal filed regarding this matter; the last eight appeals have been patently frivolous. Walker has been warned by the district court that, if he persisted in filing frivolous motions, that court may sanction him, including imposing restrictions on his filing of future pleadings without permission of that court. Despite that warning, Walker proceeded to file frivolous Rule 60(b) motions in the district court, frivolous appeals in this court, and the present frivolous appeal. This abuse of the judicial process must end. We order Walker to show cause in writing not later than thirty days from the file date of this order why an injunction should not issue, prohibiting him from filing any further pleadings in the district court or appeals with this court against the appellees that relate to the subject matter of this protracted litigation. A copy of the

proposed injunction is attached as an appendix.

Upon consideration of the court, it is hereby ordered that Mr. William B. Walker and his agents, legal or personal, be enjoined from filing any further pleadings or appeals arising out of the subject matter of *Walker v. Lifeskills Inc., et al.,* District Court No. 93–00058 (W.D.Kentucky), without first obtaining leave of the court in which he seeks to file the pleading or appeal.

In order to obtain leave of court, Walker shall certify that the claim or claims he wishes to present are new claims never before raised and disposed of by any federal court. He shall certify that his action is taken in good faith and that claims he raises are not frivolous or malicious.

A motion for leave to appeal must be captioned "Application Pursuant to Court Order Seeking Leave to File," and Mr. Walker must affix a copy of this order to that motion. This motion must be filed with this court within ten days after Walker filed a notice of appeal for which leave of court must first be obtained. Failure to comply strictly with the terms of this injunction will be grounds for summarily denying leave to file. Pleadings considered malicious, frivolous, or brought in bad faith may be grounds for civil contempt proceedings.

The following procedures shall govern any appeals in this court filed by William B. Walker against the defendants until such time as the court may order otherwise.

Upon timely receipt of a complete petition for leave to appeal, the clerk of the Sixth Circuit shall direct the clerk of the appropriate district court to transmit the record of the underlying case. No further proceedings shall take place in this court, nor shall any other filings be accepted, until this court has reviewed the petition and the record to determine whether Walker's appeal presents a colorable claim.